UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62002-WPD

ONEMATA CORPORATION,

      Plaintiff,

vs.

ASHFAQ RAHMAN and
SABIRA AREFIN

      Defendants,

vs.

WILLIAM SMITH and ENSCICON
ACQUISITION II, LLC,

      Third-Party Defendants.
_____/

**ASHFAQ RAHMAN'S MOTION TO QUASH WRIT OF EXECUTION**

      Ashfaq Rahman ("Rahman") moves to quash the Writ of Execution issued by this Court on May 10, 2023 [DE 489] as the property listed on the Writ of Attachment is Defendant Rahman's constitutionally exempted homestead. Also, Defendant does not hold legal title to the property set forth on the Writ of Execution and therefore, Plaintiff creditor may not acquire a judgment lien on that property.

**A.**    **Introduction**

      This Court issued a Writ of Execution on May 10, 2023 [D.E. 489], specifying real property which is Defendant Rahman's homestead, exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon pursuant to Article 10, Section 4 of

the Florida Constitution.

The Property is also not titled to the named debtors, but rather is titled in the name of a trust known as "The Rahman/Arefin Living Trust U/A dated December 23, 2019." For either, or both reasons, Defendant Rahman respectfully moves this Court to quash or dissolve the Writ of Execution.

**B.      Relevant Factual Background**

On September 14, 2022, Final Judgment was entered against Defendant Rahman in the United States District Court for the Southern District of Florida [D.E. 368]. On May 9, 2023, Plaintiffs filed a Motion for Issuance of Writ of Execution, seeking "to levy on whatever tangible and intangible real and personal property may be located belonging to Defendants." [D.E. 488]. On May 10, 2023, this Court issued a Writ of Execution against the individual Defendants, specifying "at the place and date listed below", i.e., "10870 Haydn Drive, Boca Raton, Florida." [D.E. 489].

The real property located at 10870 Haydn Drive, Boca Raton, Florida 33498, specified in the Writ of Execution, is Defendant Rahman's homestead property (also referred to as the "Property"). Rahman and his wife originally purchased the property on February 20, 2019, and later quit claim deeded the property to Defendant Rahman and his wife as co-Trustees of a revocable Living Trust on December 23, 2019. See, **Exhibit 1,** Declaration of Ashfaq Rahman at paragraphs 3-4, and **Exhibits A and B** thereto.

The Verified Complaint was filed in this action on November 16, 2020 [D.E. 1], more than a year after Defendant Rahman and his wife purchased the subject property. Any levy under the Writ of Execution would impair Defendant Rahman's homestead exemption to which he is constitutionally entitled under Florida law.

In addition, the real property and personal property located at 10870 Haydn Drive in Boca Raton are not titled in the name of Ashfaq Rahman and Sabira Arefin, the judgment debtors named in the Writ of Execution [D.E. 489]. Rather, title to the real property and personal property at this location are titled to "The Rahman/Arefin Living Trust, U/A dated December 23, 2019" (also the "Trust"). A true and correct redacted copy of the relevant portions of the Certification of Trust, The Rahman/Arefin Living Trust (at para. 5(f)), and Assignment of Personal Property are attached hereto as **Exhibit 1**, Declaration of Ashfaq Rahman, at paragraph 4 and **Composite Exhibit C**, and is made a part hereof. As such, the Writ of Execution should be dissolved.

**C.     Memorandum of Points and Authorities in Support of Motion to Quash.**

    **a. Defendant Rahman's Homestead Property is exempt from a levy under the Writ of Execution**

This Motion to Quash should be granted as the property listed on the Writ of Execution [D.E. 489] is exempt from a judgment lien as it is Defendant's homestead property. Defendant Rahman is entitled to a homestead exemption pursuant to Article X, section 4 of the Florida Constitution, which provides in pertinent part:

> a. There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: (1) a homestead, ... if located within a municipality, upon which the exemption will be limited to the residence of the owner or the owner's family.

Homestead exemption is to be construed liberally for the benefit of those whom it was designed to protect. *Engelke v. Estate of Engelke*, 921 So.2d 693, 695 (Fla. 4th DCA 2006). *See also, Cain*

*v. Cain*, 549 So. 2d 1161, 1163 (Fla. 4th DCA 1989)(*citing, In Re: Estate of Skuro,* 467 So.2d 1098 (Fla. 4th DCA 1985), *aff'd*, 487 So.2d 1065 (Fla. 1986). To qualify for Florida's constitutional homestead exemption an individual must have an ownership interest in the residence, and the owner or owner's family must actually use and occupy the residence, and the owner must intend to live there permanently. *In re Saad*, 642 B.R.329, 334 (Bankr. M.D. Fla. 2022), and *In re Bravo*, 2023 Bankr. LEXIS 1105, at *7 (Bankr. M.D. Fla. 2023).

Although the Property is held in a Trust, Defendant Rahman's interest in his residence as beneficiary of his own revocable trust entitles him to constitutional homestead protections as a natural person. *Engelke v. Estate of Engelke*, 921 So.2d 693, 696 (Fla. 4th DCA 2006).

Once the constitutional requirements for homestead are met, there is little that a homeowner can do to lose the homestead protection. *In re Bravo*, 2023 Bankr. LEXIS1105, *7 (Bankr. M.D. Fla. 2023).

To establish homestead as a debtor, Courts have considered such information as: (1) that the property has electricity and water and debtor pays the utility bills; (2) debtor receives mail (such as bank statements and electric bills) at the property; (3) that debtor lists this address on his driver's license; and (4) that debtor lists this address on his federal tax returns. *See, e.g.*, *In re Bravo*, 2023 Bankr. LEXIS 1105, at *3-5 (Bankr. M.D. Fla. 2023).

Here, Defendant Rahman meets the constitutional requirements. Rahman has an ownership interest in the Property as evidenced by a Warranty Deed dated February 20, 2019, and subsequent Quit Claim Deed to Rahman and his wife as Co-Trustees of a revocable trust entitled: "The Rahman/Arefin Living Trust, U/A dated December 23, 2019." (also the "Trust"). *See*, **Exhibit 1**, Declaration of Ashfaq Rahman at paragraphs 3-4, and **Exhibits A-C** attached thereto.

Rahman uses and occupies the Property. He and his wife pay the bills to maintain the home such as property taxes and utility bills (s*ee*, **Exhibit 1,** at paragraph 6 and **Composite Exhibit D**, attached thereto); and their homestead address is on their Florida driver's licenses, as well as on their federal tax returns. *See*, **Exhibit 1** at paragraphs 7 and 10, and **Exhibits E, F and G** thereto.

Finally, Rahman intends to live at the Property permanently.  *See*, **Exhibit 1**, Declaration of Ashfaq Rahman at paragraphs 5 and 9.

The Property is also Rahman's homestead for ad valorem tax purposes. *See*, **Exhibit 1** at paragraphs 5 and 11, and **Exhibit H**. The fact that property is homestead for ad valorem tax exemption is evidence as to the issue of Rahman's intent that the property is also homestead. *Beltran v. Kalb*, 63 So. 3d 783, 786 (Fla. 3rd DCA 2011)(citations omitted).

The Florida Constitution imposes homestead status upon certain property when the constitutional requirements are met. The homestead exemption provision is self-executing in this regard, and the debtor is not required to take any affirmative action to claim the exemption in order for it to apply. Once acquired, homestead status is retained until the property is abandoned or properly alienated. *In re Magelitz*, 386 B.R. 879, 883 (Bankr. N.D. Fla. 2008)(citations omitted). Rahman has neither abandoned nor alienated the Property.

For all of the above reasons, Defendants respectfully request that this Motion to Quash be granted.

    b. **Plaintiff/creditor may not acquire a judgment lien on property to which the judgment debtor does not hold legal title.**

Plaintiff cannot acquire a judgment lien on Defendant Rahman's interest because Rahman does not hold legal title to the Property, or the personal property thereon. "." *Accent Realty of Jacksonville, Inc. v. Crudele*, 496 So.2d 158 (Fla. 3rd DCA 1986)(*citing, Bauman v. Peacock*, 80 So.2d 365 (Fla.1955); *First National Bank of Chipley v. Peel*, 107 Fla. 413, 145 So. 177 (1933);

*Cheves v. First National Bank of Gainesville*, 79 Fla. 34, 83 So. 870 (1920); *Bowers v. Mozingo*, 399 So.2d 492 (Fla. 3d DCA 1981)).

As set forth above, Defendant Rahman does not hold title to the only property listed on the Writ of Execution [D.E. 488], which specifies real property located at 10870 Haydn Drive, Boca Raton, Florida 33498. Rahman and his wife originally purchased the property on February 20, 2019, and later quit claim deeded the property to Defendant Rahman and his wife as co-Trustees of a revocable Living Trust on December 23, 2019. *See*, **Exhibit 1,** Declaration of Ashfaq Rahman at paragraphs 3-4, and **Exhibits A and B** attached thereto.

This Property, and all personal property of Defendant Rahman, is titled to a Trust, and that Trust is not named as a judgment debtor on the Writ of Execution [D.E. 488].

The recording of Plaintiff's judgment against Defendant Rahman could not create a judgment lien on the Property as it is not titled in the judgment debtor's name. As such, Defendant Rahman respectfully requests that this Court quash and/or dissolve the Writ of Execution.

**D.     Conclusion**

Ashfaq Rahman respectfully requests that the Court grant this motion and quash the Writ of Execution as to Defendant Rahman's homestead Property located at 10870 Haydn Drive, Boca Raton, Florida, as well as the exempted personal property at that location.

**CERTIFICATE OF SERVICE**

I certify that, on May 15, 2023, the foregoing document was served via email on all counsel of record at the email addresses enumerated on the Service List below.

        Respectfully submitted,

        **MAVRICK LAW FIRM**
        *Attorneys for Defendant Ashfaq Rahman*
        1620 West Oakland Park Boulevard
        Suite 300
        Fort Lauderdale, Florida 33311
        Telephone: (954) 564-2246
        Peter T. Mavrick, Esq.
        E-mail: peter@mavricklaw.com
        Jacob M. Resnick, Esq.
        Email: jacob@mavricklaw.com
        Karen Lowell, Esq.
        Email: karen@mavricklaw.com

By:   */s/ Karen Lowell*
        Peter T. Mavrick, Esq.
        Florida Bar No. 0083739
        Jacob M. Resnick, Esq.
        Florida Bar No. 0085314
        Karen Lowell, Esq.
        Florida Bar No. 0967051

## SERVICE LIST

*Onemata Corp. v. Ashfaq Rahman, et al. v. William Smith et al.*
*Case No. 20-cv-62002-WPD*

Harry Winderman, Esq.
Email: harry4334@hotmail.com
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Phone: 561-241- 0332
*Attorney for Defendant Sabira Arefin*

**Minerly Fein, P.A.**
Kenneth L. Minerley
Email: ken@minerleyfein.com
Jackson Pellingra
Email: jackson@minerleyfein.com
1200 North Federal Highway, Suite 420
Boca Raton, Florida 33432
Telephone: (561) 362-6699
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*

**Robinson Waters & O'dorisio, P.C.**
Anthony L. Leffert (*pro hac vice*)
Email: aleffert@rwolaw.com
Samuel G. John, Esq. (*pro hac vice*)
Email: sjohn@rwolaw.com
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 297-2600
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*

**Lorium Law**
Riley W. Cirulnick
Email: rcirulnick@rprslaw.com
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 331-4082
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*