UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-62002-WPD

ONEMATA CORPORATION

    Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN

    Defendants.

v.

WILLIAM SMITH and ENSCICON
ACQUISITIONS II, LLC

    Third-Party Defendants.
_____/

**PLAINTIFF/JUDGMENT CREDITOR, ONEMATA CORPORATION'S RESPONSE AND OBJECTION TO DEFENDANTS/JUDGMENT DEBTORS, ASHFAQ RAHMAN'S MOTION, AND SABIRA AREFIN'S JOINDER, TO VALUE ONEMATA STOCK BEFORE SUPPLEMENTAL PROCEEDINGS ARE COMMENCED**

Plaintiff/Judgment Creditor, Onemata Corporation ("Onemata"), by and through counsel Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C. and Kenneth L. Minerley of Minerley Fein, P.A., and pursuant to Local Rule 7.1, S.D.Fla.L.R., hereby responds and objects to Defendant/Judgment Debtor, Ashfaq Rahman's ("Rahman") Motion to Value Onemata Stock Before Supplemental Proceedings are Commenced [ECF 508] and Defendant/Judgment Debtor, Sabira Arefin's ("Arefin") Joinder to the same [ECF 509] and states and alleges the following:

**A.**    **Introduction**

After having defrauded Onemata out of millions of dollars, Judgment Debtors now seek to litigate the value of Onemata's stock and to stay any proceedings in which Onemata seeks to

1

recover its rightful judgment of $7,000,000.00. Judgment Debtors provide no legal authority for either of these requests. As will be addressed below, Judgment Debtor Rahman seriously misstates many of the facts regarding this case, the trial of the breach of contract and fraud allegations, and the valuation of Onemata's stock as presented to the jury at trial. Nevertheless, the litigation over any value of Onemata's stock is not appropriate before this Court in a supplemental proceedings action.[1]

Important to the adjudication of Rahman's Motion to Value Onemata Stock Before Supplemental Proceedings are Commenced (referred to herein as the "Motion to Stay") and Arefin's Joinder in the Motion to Stay, is the following: After a nine-day jury trial, this Court entered a Final Judgment [ECF 368] which found Rahman and Arefin jointly and severally liable for $5,000,000.00, and Rahman individually liable for $2,000,000.00. After the Court entered the Order Denying Defendants' Renewed Motions for Judgment as a Matter of Law, for New Trial, to Amend Final Judgment and for Remittitur [ECF 440], Onemata commenced executing on the Final Judgment, including obtaining Writs of Garnishment [ECF's 444-446] and a Writ of Execution [ECF 493]. It also filed a Motion to Unlock and Inspect Safe Deposit Boxes of Arefin [ECF 485], a Motion for Proceedings Supplementary [ECF 496], and instituted collection proceedings in the States of Washington and Nevada where properties and other assets of the Defendants are located. [*See, e.g.,* ECF 496-4].

In the interim, Rahman and Arefin filed Notices of Appeal [ECF's 461 and 462] and the Appeal remains pending in the Eleventh Circuit. Importantly, neither Rahman nor Arefin have

---

[1] The background and procedural history of this case has been summarized in this Court's prior Orders, incorporated by reference most recently in the Omnibus Order on Post-Judgment Motion entered on May 26, 2023. [ECF 498; *see also,* ECF's 259 (the Omnibus Order on Motions for Summary Judgment and *Daubert* Motions), 368 (the Final Judgment), and 440 (the Order Denying Defendants' Renewed Motions for Judgment as a Matter of Law, for New Trial, to Amend Final Judgment and for Remittitur)]. The foregoing are incorporated herein by reference.

filed any motion to stay enforcement of the Final Judgment pending their Appeal, as permitted by Rule 62, Fed.R.Civ.P. Although Rahman and Arefin have previously attempted to thwart and/or delay Onemata's collection efforts, they have, so far, been unsuccessful. *See, e.g.,* Omnibus Order on Post-Judgment Motions [ECF 498]. As will be explained below, the Motion to Stay is their latest effort to interfere with Onemata's legal rights to collect its Final Judgment, and same should be denied.

**B. This Court should deny the Motion to Stay as the Judgment Debtors have not posted a bond or provided other security.**

Despite the title of the Motion to Stay as one purportedly being to "Value Onemata Stock Before Supplemental Proceedings are Commenced," one need only look to its conclusion to find that what the Judgment Debtors really seek is the following: "an order prohibiting Onemata from taking any further collection actions in this case including supplemental proceedings and third-party actions" under the pretext of seeking to value Onemata's stock. In other words, the substance of their Motion is one to stay collection under the guise of seeking to value Onemata stock or alternatively, deem the judgment fully satisfied. [ECF 508, Section E, "Conclusion"].

Rule 69, Fed.R.Civ.P. governs the scope of discovery a judgment creditor is entitled to in aid of execution. Under that Rule, "the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." R. 69(a)(2), Fed.R.Civ.P. The scope of the discovery is broad because its purpose is to learn of the existence of a judgment debtor's assets. *Colvistec AG v. Equitech Int'l Corp,* 2020 WL 13595110 *1 (M.D. Fla. mar. 26, 2020)(citation omitted). Thus, in such post-judgment scenarios, "the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *American Univ. v. Tien,* 2022 WL 1801207 *1 (S.D. Fla. June 2,

2022)(citation omitted). Moreover, "broad discovery of a debtor's assets is permitted and all assets (whether held individually or jointly) are relevant to collecting the debt owed." *Id.* (citation omitted). Such broad discovery extends to third parties through Rule 69(a)(1), Fed.R.Civ.P., and §56.29, Fla. Stat. related to proceedings supplementary. *See, e.g., Hatala v. Sustainable Concepts Dev., LLC,* 2022 WL 2341234 *3 (S.D. Fla. April 25, 2022)(§56.29, Fla. Stat. "provides the means by which a judgment holder is entitled to proceeding supplementary and also explicitly provides that the Court "may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.")(quoting, §56.29(5), Fla. Stat.).

After the thirty-day automatic stay found in Rule 62(a), Fed.R.Civ.P. expires, a party may obtain a stay of post-judgment discovery by providing a bond or other security, as set forth in Rule 62(b), Fed.R.Civ.P. *See* R. 62(b), Fed.R.Civ.P.; *see also, Hurry Family Revocable Trust v. Frankel,* 2021 WL 10310352 *2 (M.D. Fla. Dec. 17, 2021). The burden of proof is on the party seeking the stay and the stay takes effect only when the court approves the bond or other security. *Id.* (citations omitted). As noted in *Frankel,* "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Id.* (citation omitted). "It is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Id.* (citation omitted).

In the instant case, the Judgment Debtors have not provided a bond or other security and are, therefore, not entitled to a stay of post-judgment discovery. The Judgment Debtors have attempted to distract this Court's attention away from the fact that they are seeking a stay of post-judgment discovery by arguing that the stock Onemata was entitled to repurchase must be valued by a neutral third-party. The argument is a red herring and, as will be demonstrated below,

completely irrelevant to whether Onemata is entitled to proceed with its collection efforts. Adding insult to injury, the Judgment Debtors have not cited any legal authority that would allow this Court to stay discovery without them posting a bond or providing other security, as a result of which this Court must deny the Motion to Stay.

## C. The Judgment Debtors are not entitled to a valuation of the stock purchased by Onemata in the instant post-judgment proceedings.

The Judgment Debtors seek to litigate the value of Onemata's stock in these post-judgment proceedings. First, and most importantly, this Court lacks jurisdiction to order the valuation of the stock repurchased by Onemata while the Judgment Debtors' appeal is pending. This is so because the filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal. *U.S. Commodity Futures Trading Commission v. Escobio,* 946 F.3d 1242, 1251 (11th Cir. 2020)(citations omitted). In the Motion to Stay, the Judgment Debtors take issue with the valuation done by Onemata's trial expert, Ronald Seigneur. *See* Motion to Stay [ECF 508] at Sections C and D. As indicated in Rahman's Initial Brief, one of the issues raised on appeal concerns the alleged insufficiency of the evidence related to Mr. Seigneur's valuation. The Table of Contents of Rahman's Initial Brief is attached as Exhibit 1. Accordingly, while this Court retains jurisdiction to enforce its Judgment absent a stay pending the appeal, as argued above, this Court is without jurisdiction to make any determination as to value while the appeal is pending. *Id.; see also, Frankel,* 2021 WL 10310352 at *2 ("[a]bsent entry of a stay, a district court retains jurisdiction to enforce its judgment.")(quoting, 946 F.3d at 1251).

In addition, by seeking the appointment of a neutral third party to appraise the value of Onemata and the Judgment Debtors' Onemata stock, they are really seeking to re-litigate issues that either were already litigated, or should have been litigated, during the nine-day jury trial. In

5

doing so, they are also seeking to undertake post-judgment discovery, something this Court has already determined they may not do within the context of these post-judgment proceedings. *See* ECF 498, *Omnibus Order on Post-Judgment Motions*, denying Judgment Debtors' motions limiting discovery and producing documents. Within the context of these proceedings, it is Onemata who is entitled to discovery of the Judgment Debtors' assets to satisfy its judgment. Judgment Debtors do not have any right to discovery within these supplemental proceedings. As this Court has held, "[a]lthough, Rule 69 allows broad discovery *against* the Judgment Debtor, courts typically limit the examination of third-parties to the Judgment Debtor's assets." ECF 498 (citing, *Hatala*, 2022 WL 2341234, at *3 (citations omitted)(emphasis in original). The place to conduct discovery regarding the valuation of Onemata was at the trial of this case, not within these supplemental proceedings. In addition, Judgment Debtors are not shareholders of Onemata and have not been for seven months. The legal authority cited by Rahman with respect to shareholders' rights simply does not apply in these supplemental proceedings.

    **D. Even if valuation was permitted in these post-judgment proceedings the value of the stock repurchased by Onemata is irrelevant to whether Onemata is entitled to continue to collect on its Judgment.**

It is important to note that the Final Judgment obtained by Onemata was based upon numerous different instances of fraudulent conduct by Rahman and Arefin before, and after, the sale of LocalBlox to Onemata. Although the Final Judgment rendered by the jury was based upon breach of contract, the underlying evidence was the fraudulent conduct of Rahman and Arefin causing the breach of contract. Onemata proved that the Judgment Debtors committed numerous fraudulent acts and cost Onemata millions and millions of dollars. It is within this context that the value of Onemata was determined at the time of sale. The valuation of Onemata two (2) years later has nothing to do with the value of the stock at the time Onemata was defrauded. Moreover, any

6

valuation of their stock would never come close to satisfying the seven million- and five-million-dollar judgments. Judgment Debtors Rahman and Arefin could have had their own appraiser testify at trial but chose not to. Judgment Debtors instead rely on unfruitful negotiation with True Influence discussing a sale price that was never agreed to and before the full scope of the fraud was discovered.

On this point, *Colvistec AG,* 2020 WL 13595110 is instructive. In *Colvistec AG*, the judgment debtors sought a protective order, stay of execution, and stay of discovery in aid of execution. *Id.* at 1. The judgment debtors asserted that Equitech, one of the judgment debtors, owned 5000 shares of the judgment creditor's stock which they argued was valued at more than double the outstanding judgment, and that Equitech offered to surrender shares equal to the amount of the outstanding judgment, but that the judgment creditor refused. *Id.* In finding against the judgment debtors, the Court ruled as follows:

> Defendants cite to no legal authority and the Court finds none to support the proposition that a judgment creditor must accept a specific asset in lieu of a cash payment to satisfy a judgment or be required to allow a sale of stock to satisfy a judgment. Instead, a judgment creditor has the right "to insist on payment by cash or certified funds." *DCC Constructors, Inc. v. Yacht Club Se., Inc.*, 839 So. 2d 731, 733 (Fla. 3d DCA 2003). In fact, Defendants admit, "a judgment creditor can disregard certain assets of the judgment debtor in favor of other assets to be seized for application to its judgment." (Doc. 83 at 7). And so, in sum, it is essentially undisputed Plaintiff cannot be forced to accept or allow the sale of stock to satisfy the judgment here.

*Id.* In the instant case, Onemata, in good faith, offset the value of the Judgement Debtors' stock at the time of sale against the Final Judgment and rescinded the Judgment Debtors' stock. Onemata was not required to do so, and the Judgment Debtors received more than fair value considering their egregious fraudulent conduct and the damages they caused Onemata. Contrary to Rahman's statement that "the lopsided judgment allowed Onemata to retain possession of LocalBlox without

7

paying any consideration for the business" [ECF 508 at p. 2], Rahman and Arefin each received one million dollars in cash and stock valued at two million five hundred thousand dollars. The value of the company and the stock they received was based on fraudulent financial statements prepared by the Judgment Debtors. Taken together, Rahman and Arefin received two million in cash and an offset credit of $669,345.44 for their stock for a total of $2,669,345.44 for a company the was essentially worthless.

E. Conclusion.

For all of the foregoing reasons, the Judgment Debtors' belated request to value the Onemata stock and stay these proceedings should not be indulged by this Court, especially when they have provided no legal authority to support their position. Accordingly, the Motion to Stay should be denied outright. This is now the fourth motion which the Judgment Debtors have filed without any legal authority and without just cause in an attempt to delay supplemental proceedings.

Respectfully submitted this 21st day of June 2023.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/ Anthony L. Leffert*
Anthony L. Leffert
Colorado Bar. No. 12375
Samuel G. John
Colorado Bar. No. 55680
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 297-2600
Facsimile: (303) 297-2750 (f)
Email: aleffert@rwolaw.com
*Attorneys for Plaintiff/Judgment Creditor and Third-Party Defendants*

**MINERLEY FEIN, P.A.**

*/s/ Kenneth L. Minerley*
Kenneth L. Minerley
Florida Bar No. 521840
1200 North Federal Highway, Suite 420

>Boca Raton, FL 33432
>Telephone: (561) 362-6699
>Facsimile: (561) 447-9884
>Email: ken@minerleyfein.com
>*Attorneys for Plaintiff/Judgment Creditor and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document via electronic mail on all counsel listed on the below Service List.

>*/s/ Kenneth L. Minerley*
>Kenneth L. Minerley

## SERVICE LIST

*Onemata Corp. v. Ashfaq Rahman, et al.*
Case No. 0:20-cv-62002-WPD

**Attorneys for Ashfaq Rahman**
Peter T. Mavrick, Esq.
Jacob M. Resnick, Esq.
Mavrick Law Firm
1620 West Oakland Park Boulevard, Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
E-mail:   peter@mavricklaw.com
          jacob@mavricklaw.com
Copy:     jordan@mavricklaw.com
          legalassistant@mavricklaw.com
          paralegal@mavricklaw.com

Riley W. Cirulnick
LORIUM LAW
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 331-4082
Email: rcirulnick@loriumlaw.com
Copy:  lmcrae@loriumlaw.com
       sfallas@loriumlaw.com

**Attorneys for Sabira Arefin**
Harry Winderman, Esq.
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Phone: 561-241- 0332
Email: harry4334@hotmail.com
Copy:  lynora.mae@gmail.com
       LynoraMae@gmail.com