EXHIBIT 1

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

GLOSSARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . v

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . 3

STATEMENT OF THE CASE AND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    A. The standard of review for denying Rahman's Renewed Judgment as a Matter of Law and for New Trial under Rule 50 is *de novo* ……………………………………………………………. 20

    B. The standard of review for denying Rahman's Motion for New Trial, to Amend Judgment, and to Remit the Verdict under Rule 59 is abuse of discretion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    C. The standard of review for determining whether the district court errored in excluding Dr. Cole's full rebuttal opinion and allowing a general verdict form was abuse of discretion ……. 22

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    A. Onemata's torturous interference claim was not supported by competent trial evidence because Onemata did not (1) possess a contractual or business relationship with TrueInfluence and (2) establish damages resulting from Rahman's alleged tortious interference ……………….. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

        1. Onemata failed to prove it had a contractual relationship or business relationship with TrueInfluence. …………….… 23

**2. Onemata failed to prove it was damaged as a result of Rahman's tortious interference with its alleged relationship with TrueInfluence** …………………………………………………… 26

**B. No reasonable jury could return a $5 million dollar verdict in favor of Onemata on its breach of contract claims because the trial evidence is legally insufficient to support that verdict.** . . . 29

**1. Seigneur could not predicate his Valuation on LocalBlox's distribution of X-Mode data to Prohibited Customers because Onemata failed to prove the distribution occurred between February 12, 2019 and December 18, 2019** ………………….. 31

**2. Customer server misuse is not a valid basis for Seigneur's Valuation because no evidence demonstrated that Rahman caused LocalBlox to misuse customer servers on or before the Purchase Date** …………………………………………….34

**3. Unpaid sales tax is not a basis to value LocalBlox** . . . . . . . .39

**4. Onemata cannot disassociate from the foundational elements of Seigneur's Valuation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

**5. The jury could not rely on evidence outside Seigneur's Valuation to determine damages** ………………………………44

**6. The district court abused its discretion by allowing the jury to use a general verdict form** …………………………………..46

**C. The verdict amount should be remitted to $657,215.88**. . . . . . . 48

**D. The $5 million verdict should alternatively be remitted to $2,235,093 at most**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .51

**E. The district court abused its discretion in disallowing Dr. Cole to present his entire rebuttal opinion**. . . . . . . . . . . . . . . . . . . . . . 54

**1. Dr. Cole analyzed LocalBlox Production Code to disprove O'Day's opinions regarding LocalBlox's use of TrueInfluence's API key** ……………………………………………………………54

**2. Dr. Cole analyzed the Production Code to disprove O'Day's opinions regarding LocalBlox's purported manipulation of X-Mode data** ……………………………………………………………55

**3. Excluding Dr. Cole's full rebuttal opinion was an abuse of discretion, substantially affected Rahman's rights, and was harmful error** ……………………………………………………………56

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61