**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:20-cv-62002-WPD**

ONEMATA CORPORATION

       Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN

       Defendants.

v.

WILLIAM SMITH and
ENSCICON ACQUISITION II, LLC

       Third-Party Defendants.
_____/

**PLAINTIFF/JUDGMENT CREDITOR, ONEMATA CORPORATION'S REPLY MEMORANDUM TO DEFENDANT/JUDGMENT DEBTOR, ASHFAQ RAHMAN'S RESPONSE IN OPPOSITION TO ONEMATA CORPORATION'S VERIFIED MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND TO SET ASIDE <u>FRAUDULENT TRANSFERS</u>**

Plaintiff/Judgment Creditor, Onemata Corporation ("Onemata"), by and through counsel Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C. and Kenneth L. Minerley of Minerley Fein, P.A., and pursuant to Rule 7.1(c)(1), S.D.Fla.L.R., hereby submits this Reply Memorandum to Defendant/Judgment Debtor, Ashfaq Rahman's ("Rahman") Response (the "Response") in Opposition to Onemata's Verified Motion to Commence Proceedings Supplementary and to Set Aside Fraudulent Transfers (the "Motion for Proceedings Supplementary") [DE 496 and 511], and assert the following:

1

## I. Introduction.

Onemata filed its Motion for Proceedings Supplementary seeking to implead certain third-party entities/alter egos of the Judgment Creditors, Rahman and Defendant/Judgment Debtor, Sabira Arefin ("Arefin") as a continuation of the case filed on October 2, 2020 [DE's 1, 496]. As stated in the Motion for Proceedings Supplementary, certain transfers were made to third-party entities that Onemata believes were fraudulent. Rahman seeks to have this Court deny the Motion for Proceedings Supplementary, because it is purportedly duplicative of a lawsuit filed in the District Court for Nevada (the "Nevada Lawsuit"). [DE 511-2]. Rahman asserts that the Nevada Lawsuit[1] was filed prior to Onemata filing the Motion for Proceedings Supplementary in this Court. Therefore, argues Rahman, the Motion for Proceedings Supplementary should be denied under the "first-filed rule." As will be demonstrated below, the first-filed rule does not apply to Onemata's request for proceedings supplementary in this Court because proceedings supplementary are a continuation of the underlying action. Moreover, even if the first-filed rule applies, this Court cannot make a ruling on Rahman's argument that the two matters involve the same parties and issues, when this Court has not yet ruled on the Motion. Because Onemata has complied with the statutory prerequisites for proceedings supplementary, this Court must grant its Motion.

A review of the Court's file will show the Defendants/Judgment Debtors have filed numerous motions seeking to delay this case. Their Response to Onemata's Motion is just one

---

[1] As set forth in the Motion for Proceedings Supplementary, Onemata seeks to implead several Nevada Trusts and limited liability companies which the Judgment Debtors formed during the pendency of the underlying litigation, as part of their scheme to hinder, delay, and defraud Onemata from its ability to collect on its multimillion-dollar judgment. The Trusts, commonly known as "Domestic Asset Protection Trusts" are formed pursuant to Nevada's Spendthrift Trust Act of Nevada. *See* §166.010, N.R.S. The statute provides for a short, two-year, statute of limitations for a creditor to bring a claim with respect to the transfer of property to such trusts. §166.170, N.R.S. Therefore, in an abundance of caution, and in order to toll the statute of limitations, Onemata filed the Nevada Lawsuit. Notwithstanding the Nevada Lawsuit, Onemata fully intends to vigorously pursue its collection efforts in the instant matter, as it is entitled to do.

more attempt to prevent Onemata from recovering its rightful judgment by forcing it to fully litigate a new action rather than using the expedited procedure provided by Florida statute.

## II. Argument.

### A. Proceedings Supplementary are not considered a separate case for purposes of the first-filed rule.

As already noted in Onemata's Motion for Proceedings Supplementary, proceedings supplementary are not independent causes of action. They are "post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *Dealer Specialties Int'l, Inc. v. Car Data 24/7, Inc.,* 2020 WL 2065845 at *2 (M.D.Fla. Apr. 13, 2020)(citations omitted). The provisions of §56.29, Fla. Stat., the statute which governs proceedings supplementary, are "'intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment' **without the necessity of initiating a separate action**." *MCI Telecommunications Corp. v. O'Brien Marketing, Inc.,* 913 F.Supp. 1536, 1539 (S.D.Fla. 1995)(quoting, *Regent Bank v. Woodcox,* 636 So.2d 885, 886 (Fla. 4th DCA 1994))(emphasis added). Thus, contrary to Rahman's argument, Onemata's Motion for Proceedings Supplementary is not a "new lawsuit." Rather, it is a continuation of the action wherein the Final Judgment was entered. *See Mid-Continent Casualty Co. v. G.R. Construction Mgmt., Inc.,* 2019 WL 2411270 at *2 (M.D.Fla. June 7, 2019).

In *Mid-Continent,* a plaintiff sued a construction company in state court for negligence and prevailed. The plaintiff was unsuccessful in collecting his judgment and later filed a motion for proceedings supplementary to determine the defendant/judgment debtor's rights under insurance policies, and to implead the insurer. In between the entry of the judgment and the filing of the motion for proceedings supplementary, the judgment debtor's insurer filed a declaratory action in the Middle District of Florida, to determine the scope of its obligations, if any, to indemnify its

insured/judgment debtor. *Id.* at *1. The plaintiff filed a motion to dismiss/motion to abstain the federal court action, arguing that it concerned the same parties and issues as in the underlying state court action. The insurance company countered that the declaratory judgment action should be resolved in federal court, under the first-filed rule. *Id.* In declining to exercise jurisdiction the Court made multiple rulings.[2] First, it determined that until the motion for proceedings supplementary was ruled on, there would be no way for the Court to determine if the two actions involved the same parties and issues. *Id.* at *2. "The state court is in the best position to resolve the substance of [plaintiff's] motion for proceedings supplementary, and it would be improper for this Court to assume any such decision. Without that decision, this Court cannot determine whether this declaratory action is parallel to the Underlying Action." *Id.*

In addition, the Court noted that even if the Court applied the first-filed rule on its merits, the declaratory action was not necessarily the first-filed case. While the insurance company argued that the proceedings supplementary was, in effect, an entirely new lawsuit, the parties did not cite, and the Court did not find, any case addressing whether a motion for proceedings supplementary constitutes a separate case for purposes of the first-filed rule. Given the title, "proceedings *supplementary*," however, the Court determined it was reasonable for it to conclude that the underlying action was the filed first action. *Id.* (emphasis in original).

Similarly, the instant case has been pending since October 2, 2020, when Onemata first filed its Verified Complaint against Rahman and Arefin [DE 1]. This Court conducted a nine-day jury trial and Final Judgment was entered in Onemata's favor [DE 368]. Onemata is now attempting to collect on its Judgment, which includes the filing of the Motion for Proceedings

---

[2] One ruling that is not applicable to the facts of the instant case concerned the Eleventh Circuit precedent that makes the first-filed rule inapplicable when one case is in federal court and the other is in state court. *Mid-Continent Casualty Co.,* 2019 WL 2411270 at *2.

Supplementary [DE 496]. The Nevada case is not relevant to these post-judgment proceedings, especially because this Court has not even made a ruling on the Motion for Proceedings Supplementary. Accordingly, this Court should grant the Motion for Proceedings Supplementary, issue the Notices to Appear, and allow the proceedings to move forward as intended, which is to allow a judgment creditor "to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution." *Pues Family Trust IRA v. Parnas Holdings, Inc.* 2021 WL 7543014 at *2 (S.D.Fla. Feb. 19, 2021)(citing, *Longo v. Assoc. Limousines Servs., Inc.* 236 So.3d 1115, 1118 (Fla. 4th DCA 2018)(quoting, *Young v. McKenzie,* 46 So.2d 184, 185 (Fla. 1950)).

### B. **This Court has no discretion to deny the Motion for Proceedings Supplementary.**

The two prerequisites for the commencement of proceedings supplementary are the following: (1) an unsatisfied judgment or judgment lien and (2) an affidavit claiming the judgment is valid and unsatisfied along with a list of persons to be impleaded. *Thistle Communications, LLC v. E-1 Machine, LLC,* 2023 WL 1825112 at *2 (M.D.Fla. Jan. 26, 2023)(citing, *Morningstar Healthcare, L.L.C. v. Greystone & Co.,* 2008 WL 1897590 at *1 (M.D.Fla. Apr. 28, 2008)). Once a showing is made of the statutory prerequisites, "**the court has no discretion to deny the motion**." *Id.* (quoting, *Longo,* 236 So.3d at 1119)(emphasis added).

In the instant case, as argued in the Motion for Proceedings Supplementary, which is verified by Onemata, the Final Judgment entered against the Judgment Debtors is valid and unsatisfied. In addition, Onemata has included a list of third-party entities whom Onemata seeks to implead in this matter due to the fraudulent transfers that are outlined in the Motion. In addition, it has prepared Notices to Appear in a form consistent with Form 1.914(b), Fla.R.Civ.P. [DE.496-

8 – 496-16] which will be served on the third-party entities who will then have an opportunity to present their defenses, if any. §56.29(2), Fla. Stat. Having satisfied the prerequisites to commence proceedings supplementary, this Court is without discretion to deny the Motion, and same must be granted.

**Conclusion.**

For the reasons set forth herein, this Court should grant Onemata's Verified Motion for Proceedings Supplementary and grant such further relief as this Court deems just and proper.

Respectfully submitted this 28th day of June 2023.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/ Anthony L. Leffert*
Anthony L. Leffert
Colorado Bar. No. 12375
Samuel G. John
Colorado Bar. No. 55680
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 297-2600
Facsimile: (303) 297-2750 (f)
Email: aleffert@rwolaw.com
*Attorneys for Plaintiff and Third-Party Defendants*

**MINERLEY FEIN, P.A.**

*/s/ Kenneth L. Minerley*
Kenneth L. Minerley
Florida Bar No. 521840
1200 North Federal Highway, Suite 420
Boca Raton, FL 33432
Telephone: (561) 362-6699
Facsimile: (561) 447-9884
Email: ken@minerleyfein.com
*Attorneys for Plaintiff and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document via electronic mail on all counsel listed on the below Service List.

/s/ *Kenneth L. Minerley*
Kenneth L. Minerley

## SERVICE LIST

*Onemata Corp. v. Ashfaq Rahman, et al.*
Case No. 0:20-cv-62002-WPD

**Attorneys for Ashfaq Rahman**

Peter T. Mavrick, Esq.
Jacob M. Resnick, Esq.
Mavrick Law Firm
1620 West Oakland Park Boulevard, Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
E-mail:   peter@mavricklaw.com
          jacob@mavricklaw.com
Copy:    jordan@mavricklaw.com
          legalassistant@mavricklaw.com
          paralegal@mavricklaw.com

**Attorneys for Sabira Arefin**

Harry Winderman, Esq.
2255 Glades Road, Suite 205E
Boca Raton, FL  33431
Phone: 561-241- 0332
Email:  harry4334@hotmail.com
Copy:  lynora.mae@gmail.com
       LynoraMae@gmail.com

Riley W. Cirulnick
LORIUM LAW
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 331-4082
Email:   rcirulnick@loriumlaw.com
Copy:    sfallas@loriumlaw.com
         mkrauss@loriumlaw.com