UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-62002-WPD

ONEMATA CORPORATION,

     Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN,

     Defendants,

vs.

WILLIAM SMITH and ENSCICON
ACQUISITIONS II, LLC,

     Third-Party Defendants.
_____/

## RAHMAN'S MOTION FOR PROTECTIVE ORDER
## REGARDING AUGUST 10, 2023 DEPOSITION

Ashfaq Rahman ("Rahman") moves for a protective order to prevent Onemata Corporation ("Onemata") from examining him over topics that it should have asked during a prior April 2023 deposition and from conducting an in-person deposition.

**A.**    **Introduction**

Rahman respectfully requests a protective order to prevent unwarranted annoyance, oppression, burden, and expense associated with sitting for a second deposition that relates to the same financial issues Onemata could have asked during a previous April 2023 deposition. Onemata's oversights should not allow it to depose Rahman for a second time in four months because it is harassing.

**B.**    **Relevant facts**

Onemata obtained a $5 million judgment against Rahman and Sabira Arefin for breach contract. D.E. 368. Onemata also obtained a $2 million judgement against Rahman for tortious interference. *Id*. Onemata sought to collect on the judgment by issuing post-judgment discovery.

MOTION FOR PROTECTIVE ORDER                    CASE NO.: 20-cv-62002-WPD

*See* Onemata's Request for Production to Defendant Ashfaq Rahman attached hereto as D.E. 526-1. Onemata requested ten separate categories of documents and Rahman responded to the requests on April 10, 2023. *See Id*.

Onemata deposed Rahman on April 18, 2023. Onemata asked questions about Rahman's financial condition, the location of his assets, the documents Rahman produced in response to Onemata's request for production, and other documents Rahman did not produce to Onemata. D.E. 518-1.

Onemata contends it did not receive all documents under its request for production before the April 18, 2023 deposition. Therefore, Onemata set a second deposition to obtain the missing documents and ask questions about them. The second deposition is scheduled for August 10, 2023 and. *See* Onemata's Notice of Deposition of Ashfaq Rahman and Request to Produce Documents attached hereto as D.E. 526-2.

Onemata's deposition notice for the August deposition contains 21 document requests. Eleven more than Onemata's original request for production. *Compare* D.E. 526-1 at pp. 8-10 and D.E. 526-2 at pp. 10-13. Most of the documents requested by Onemata in advance of the August deposition were not requested by Onemata before the original April deposition. The document requests Onemata propounded in advance of the August deposition that were *not* requested in advance of the April deposition are as follows:

11. Copies of all records and documents in native form including, but not limited to, emails and attachments involving, concerning, or relating to any transaction involving HomeLien investment LLC (Nevis) a.k.a. Trident Trust or HomeLien Investment, LTD.

12. Copies of all documents, records, and emails including attachments relating to, referring to, or involving Interphase Corporation in native form including, but not limited to, incorporation documents, bylaws, minutes of shareholder meetings, and transfers of any funds into or out of Interphase Corporation including bank statements for the last 2 years.

13. Copies of all emails including attachments, correspondence, or other communication in native form between Ashfaq Rahman and/or Sabira Arefin and Ran Chae.

14. Copies of all documents, memorandums, trust instruments, emails including attachments, or other documents in native form relating to, referring to, or involving Bright Stars Irrevocable Trust.

2

MOTION FOR PROTECTIVE ORDER                    CASE NO.: 20-cv-62002-WPD

15. Copies of all documents, memorandums, trust instruments, emails including attachments, or other documents in native form relating to, referring to, or involving Paradise Valley Irrevocable Trust.

16. Copies of all documents, memorandums, trust instruments, emails including attachments, or other documents in native form relating to, referring to, or involving The Rahman/Arefin Living Trust U/A.

17. Copies of all documents, memorandums, trust instruments, emails including attachments, or other documents in native form relating to, referring to, or involving Sunshine Irrevocable Trust dated June 18, 2021.

18. Copies of all corporate records, documents, articles of organization, operating agreements, or other corporate records for CSV Holdings 329, LLC (Cook Islands).

19. Copies of all bank records, checks, transfer documents, emails including attachments, and any other documents relating to any loans made by CSV Holdings 329, LLC to HomeLien Investment, LLC, HomeLien Investment, LTD, MaskGene, LLC, Bright Stars Irrevocable Trust, Trident Trust, Peacenheaven, LLC, Paradise Valley Irrevocable Trust, The Rahman/Arefin Living Trust, BashaBari, LLC, a Nevada limited liability company, Sunshine Irrevocable Trust, BashaBari, LLC, a Washington limited liability company, or Lakemont Property LLC.

20. Copies of all documents which evidence, reflect, or refer to the assignment of any mortgages or promissory notes held by to HomeLien Investment, LLC, HomeLien Investment, LTD, MaskGene, LLC, Bright Stars Irrevocable Trust, Trident Trust, Peacenheaven, LLC, Paradise Valley Irrevocable Trust, The Rahman/Arefin Living Trust, BashaBari, LLC, a Nevada limited liability company, Sunshine Irrevocable Trust, BashaBari, LLC, a Washington limited liability company, or Lakemont Property LLC.

21. Copies of all documents, bank records, bank statements, evidence of transfers or any other documents or emails with attachments concerning any loans made by HomeLien Investment, LLC or HomeLien Investment, LTD to MaskGene, LLC, Bright Stars Irrevocable Trust, Trident Trust, Peacenheaven, LLC, Paradise Valley Irrevocable Trust, The Rahman/Arefin Living Trust, BashaBari, LLC, a Nevada limited liability company, Sunshine Irrevocable Trust, BashaBari, LLC, a Washington limited liability company, or Lakemont Property LLC.

*Id*. Document requests 11 through 21 in the August deposition notice demonstrate Onemata's intention to impermissibly redo the April 2023 deposition by asking Rahman about matters Onemata failed to ask (although it could have) the first time. Therefore, Rahman requests a protective order to prevent Onemata from harassing Rahman by scheduling cumulative depositions about post-judgment collection issues that could have been examined on April 18, 2023.

MOTION FOR PROTECTIVE ORDER                     CASE NO.: 20-cv-62002-WPD

**C.      Onemata's judgment is not a license to harass Rahman.**

The court may issue an order protecting a party from annoyance, embarrassment, oppression, undue burden, or expense. Fed. R. Civ. P. 26(c)(1). Here, Rahman requests a protective order to prevent Onemata from cumulatively deposing Rahman in a harassing manner that will cause annoyance, embarrassment, oppression, and undue burden. Onemata deposed Rahman three short months ago in April and had the opportunity to examine Rahman on all financial matters and activity. Onemata's failure to ask all necessary questions or request all necessary documents before the April deposition should not be imputed to Rahman. Onemata could have sent additional document requests before the April deposition, could have requested more documents from Rahman before proceeding with the April deposition, or conducted a more thorough investigation of Rahman's assets before proceeding with the deposition. Onemata's ill-advised choice to proceed with Rahman's post-judgment April deposition instead of availing itself of other methods and remedies beforehand should not be imputed to Rahman. Onemata should not receive the benefit of a second deposition four months later regarding subject matters and documents that it could have asked during the April deposition. The burden should not befall on Rahman to cure Onemata's errors because it results in unwarranted annoyance, oppression, undue burden, and expense that Rahman should not have to endure. Consequently, Rahman respectfully requests that he be granted an order of protection prohibiting Onemata from examining Rahman about any subject matter except for those contained within the documents Onemata requested before the April 2023 deposition and that Rahman did not produce prior to April 18, 2023. Rahman also respectfully requests that he be granted an order of protection prohibiting Onemata from examining Rahman about any subject matter that was previously examined in April because it will make the examination unduly repetitive.

Allowing the August deposition to proceed without limiting the examination to issues contained in documents requested before the April deposition sets a dangerous precedent that allows Onemata to serially and repetitively depose Rahman on the same subject matters. Onemata will be allowed to depose Rahman over and over again on the same subjects and be allowed to ask Rahman the same questions over and over again. This is harassment. Onemata's post-judgment depositions should be limited to instances when Rahman's financial condition changed. At this time, no such change exists. Therefore, the Court should issue an order protecting Rahman from

MOTION FOR PROTECTIVE ORDER                                  CASE NO.: 20-cv-62002-WPD

the unwarranted annoyance, embarrassment, oppression, undue burden and expense associated with cumulative repetitive deposition.

The Court should not allow Onemata to notice Rahman's deposition on a whim in short intervals. This would lead to additional annoyance, oppression, burden, and expense because Rahman will be subjected to Onemata's impulses.

**D.    Rahman's deposition should be conducted via Zoom because Rahman is not available on August 10, 2023 for his deposition.**

Rahman will be the West Indies Jamaica beginning August 6, 2023 for business purposes. Rahman's ticket confirmation is attached hereto as **Exhibit 526-1**. Therefore, Rahman cannot attend the August 10, 2023 deposition in person because it is scheduled to be conducted in Fort Lauderdale, Florida. Rahman cannot be in two places at once. Rahman accordingly requests that his deposition be conducted via Zoom so that he can attend the deposition remotely on August 10, 2023. Courts routinely allow video-conferencing depositions and Magistrate Snow previously allowed Zoom depositions to occur in this case during pre-trial discovery. *See, e.g., Balu v. Costa Crociere S.P.A.*, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011) ("We take the view, however, that in the modern age these types of disputes are usually not necessary because depositions are now readily taken inexpensively by internet video (e.g., Skype) or through somewhat more expensive, but still efficient, video conferencing facilities."); *In re MTS Bank*, 17-21545-MC, 2021 WL 271525, at *6 (S.D. Fla. Jan. 27, 2021) ("It is therefore unclear why a video conferencing deposition cannot be scheduled so that this case can proceed on the merits."); D.E. 153 at p. 10.

**E.    Conclusion**

Rahman respectfully requests that the Court grant his Motion, issue an order of protection, restrict Onemata's August 10, 2023 deposition to matters contained within the documents Onemata requested before the April 2023 deposition and that Rahman did not produce prior to April 18, 2023, prevent Onemata from examining Rahman about any subject matters previously examined during the April 2023 deposition, and grant such other and further relief the Court deems just and proper under the circumstances.

**MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246**

MOTION FOR PROTECTIVE ORDER                    CASE NO.: 20-cv-62002-WPD

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that undersigned counsel conferred with all Parties who may be affected by the relief sought in this motion pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.1(a)(3). Undersigned counsel for Rahman corresponded with Anthony Leffert and Ken Minerley (both counsel for Onemata) on July 21, 2023 about the issues contained herein, and Mr. Leffert objects to all relief requested herein.

Respectfully submitted,

**Mavrick Law Firm**
*Attorneys for Ashfaq Rahman*
1620 West Oakland Park Boulevard
Suite 300
Fort Lauderdale, Florida 33311
Telephone: (954) 564-2246
Peter T. Mavrick, Esq.
E-mail: peter@mavricklaw.com
Jacob M. Resnick, Esq.
Email: jacob@mavricklaw.com

By: */s/ Jacob M. Resnick*
Peter T. Mavrick, Esq.
Florida Bar No. 0083739
Jacob M. Resnick, Esq.
Florida Bar No. 0085314

MOTION FOR PROTECTIVE ORDER                    CASE NO.: 20-cv-62002-WPD

## **CERTIFICATE OF SERVICE**

I certify that, on July 24, 2023, the foregoing document was served via email through the Court's CM/ECF portal on all counsel of record at the email addresses enumerated on the Service List below.

*/s/ Jacob M. Resnick*

## **SERVICE LIST**

*Onemata Corp. v. Ashfaq Rahman, et al. v. William Smith et al.*
*Case No. 20-cv-62002-WPD*

Harry Winderman, Esq.
Email: harry4334@hotmail.com
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Phone: 561-241- 0332
*Attorney for Defendant Sabira Arefin*

**Minerly Fein, P.A.**
Kenneth L. Minerley
Email: ken@minerleyfein.com
Jackson Pellingra
Email: jackson@minerleyfein.com
1200 North Federal Highway, Suite 420
Boca Raton, Florida 33432
Telephone: (561) 362-6699
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*

**Robinson Waters & O'dorisio, P.C.**
Anthony L. Leffert (*pro hac vice*)
Email: aleffert@rwolaw.com
Samuel G. John, Esq. (*pro hac vice*)
Email: sjohn@rwolaw.com
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 297-2600
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*

**Lorium Law**
Riley W. Cirulnick
Email: rcirulnick@rprslaw.com
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 331-4082
*Attorneys for Plaintiff Onemata Corporation and Third-Party Defendants William Smith and Enscicon Acquisition II, LLC*

**MAVRICK LAW FIRM, 1620 W. Oakland Park Blvd., Suite 300, Fort Lauderdale, FL 33311 Tel:954-564-2246**