UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-62002-WPD

ONEMATA CORPORATION,

    Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN,

    Defendants.

vs.

WILLIAM SMITH and ENSCICON
ACQUISITIONS II, LLC,

    Third-Party Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiff Onemata Corporation ("Onemata" or "Plaintiff")'s Motion for Bill of Costs [DE 390]; Plaintiff's and Third-Party Defendants William Smith ("Smith") and Enscicon Acquisitions II, LLC ("Enscicon II")'s Verified Motion for Award of Attorney's Fees, Costs, and Expenses [DE 436]; the August 23, 2023 Report and Recommendation of Magistrate Judge Alicia O. Valle, recommending that Plaintiff and Third-Party Defendants (collectively, the "Onemata Parties") be awarded $904,149 in attorney's fees and nothing in nontaxable costs, and $34,591.09 in taxable costs pursuant to 28 U.S.C. § 1920; [DE 537]; Defendant Ashfaq Rahman ("Raham")'s Objection to Report and Recommendation [DE 538]; Defendant Sabira Arefin ("Arefin")'s Joinder with Rahman's Objection [DE 539]; the Onemata Parties' Response in Opposition to Rahman's Objection to Report and Recommendation to District Judge and Arefin's Joinder with Rahman's Objection [DE 540];

Rahman's Reply in Support of His Objection to Report and Recommendation [DE 542]; and Arefin's Joinder with Rahman's Reply in Support of His Objection [DE 543].  The Court has carefully considered these filings, the entire docket, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Rahman's Objection to the Magistrate Judge's Report and Recommendation [DE 538].  Having carefully considered Rahman's Objection, the Court overrules the Objection. As to Rahman's argument that Judge Valle impermissibly rewrote the parties' contract, and misapplied the holding in *Ham v. Portfolio Recovery, Assocs., LLC*, 308 So. 3d 942, 943 (Fla. 2020), the Court agrees with Judge Valle's analysis and determination that the Stock Purchase Agreement incorporates the Notes and the Onemata Parties are entitled to fees under the reciprocity provision of Fla. Stat. §

57.105(7). Further, the Court disagrees with Rahman's argument that Judge Valle erred in determining that Smith can recover attorney's fees and nontaxable costs. The Court also rejects Rahman's argument that Enscicon II and Smith are not entitled to recover attorney's fees or nontaxable costs because they never paid the fees and costs identified in the Motion. For purposes of recovering prevailing party attorney's fees under § 57.105(7), the relevant issues are the intertwined nature of the Notes, the SPA, and the claims in this case, and that Smith, Enscicon II, and Onemata were all prevailing parties on all issues, not who actually paid the invoice for the fees incurred.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 537] is hereby **APPROVED**;

2. Rahman's Objection to Report and Recommendation [DE 538] is **OVERRULED**;

3. The Motion for Bill of Costs [DE 390] is hereby **GRANTED IN PART AND DENIED IN PART**;

4. The Verified Motion for Award of Attorney's Fees, Costs, and Expenses [DE 436] is hereby **GRANTED IN PART AND DENIED IN PART**; and

5. The Onemata Parties are hereby awarded $904,149 in attorney's fees, nothing in nontaxable costs, and $34,591.09 in taxable costs pursuant to 28 U.S.C. §1920.

6. This case shall remain **CLOSED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of September, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Magistrate Judge Alicia O. Valle