UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62002-DIMITROULEAS/VALLE

ONEMATA CORPORATION,

    Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN,

    Defendants,

v.

WILLIAM SMITH and ENSCICON
ACQUISITIONS II, LLC,

    Third-Party Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Plaintiff/Judgment Creditor Onemata Corporation's: (i) Motion for Final Judgment in Garnishment as to Garnishee Wells Fargo Bank, N.A. "(Wells Fargo") (ECF No. 602); and (ii) Motion for Final Judgment in Garnishment as to Garnishee JP Morgan Chase Bank N.A. ("Chase") (ECF No. 603) (the "Motions"). United States District Judge William P. Dimitrouleas has referred the Motions to the undersigned for appropriate disposition. (ECF No. 605). Having reviewed the Motions, and being otherwise duly advised in the matter, the undersigned recommends as set forth below.

**I. BACKGROUND**

The background and history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 616) (Omnibus Order on Defendants' Motions to Quash Writ and Plaintiff's Motion to Compel; (ECF No. 259) (Omnibus Order granting

in part Motions for Summary Judgment and Daubert Motions); (ECF No. 368) (Final Judgment in favor of Plaintiff and against Defendants/Judgment Debtors); *see also* (ECF Nos. 477, 498, 547, 552, 580) (various orders on post-judgment proceedings, including discovery motions and hearing); (ECF No. 585) (Order on Verified Motion to Commence Proceedings Supplementary and Related Relief); (ECF Nos. 586, 588-96) (various Notices to Appear).

In brief, these post-judgment proceedings stem from an unsatisfied judgment for more than $7 million in favor of Onemata and against Defendants/Judgment Debtors Ashfaq Rahman and Sabira Arefin (together, "Judgment Debtors"). *See* (ECF No. 368) ($7 million Final Judgment); (ECF No. 496 at 22) (alleging that the Judgment Debtors are jointly and severally liable for $4,330,645.56, with Judgment Debtor Rahman liable for $6,330,645.56); (ECF No. 558 at 3) (asserting that judgment is now more than $8 million). Based on the Judgment Debtors' failure to pay the Final Judgment, Onemata took action to enforce and collect on the Final Judgment. As part of its collection efforts, in December 2023, Onemata filed: (i) a Motion for Final Judgment in Garnishment as to Garnishee Wells Fargo (the "Motion as to Wells Fargo"); and (ii) a Motion for Final Judgment in Garnishment as to Garnishee (the "Motion as to Chase"). *See* (ECF Nos. 602, 603).

Although the Judgment Debtors do not object to the Motion as to Chase, they oppose the Motion as to Wells Fargo.[1] *See* (ECF Nos. 614 at 1, 615). The Motions are addressed in turn.

## II.  DISCUSSION

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69; *see also Orso as Tr. to Bell v. Josetti*, No. 21-MC-60202, 2022 WL 2916856, at *1 (S.D.

---

[1] Judgment Debtor Arefin initially consented to the relief in the Motions, but later joined in Judgment Debtor Rahman's opposition to the Motion as to Wells Fargo. *Compare* (ECF Nos. 602 at 5, 603 at 4)*, with* (ECF No. 615).

Fla. July 11, 2022), *report and recommendation adopted*, 2022 WL 2915865 (S.D. Fla. July 25, 2022); *Orso as Tr. to Bell v. Rovenger*, No. 21-MC-8-JSM-PRL, 2021 WL 5310971, at *1 (M.D. Fla. Oct. 28, 2021).  Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.  *Rovenger*, 2021 WL 5310931, at *1.  Florida law requires garnishment statutes to be strictly construed.  *Allen v. Robert F. DeLuca, M.D., P.A.*, No. 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

### A. Motion as to Chase

On December 8, 2022, Onemata served Chase with a writ of garnishment.  (ECF No. 447).  On December 29, 2022, Chase filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment it held funds ($332.44) on behalf of the Judgment Debtors.  *See generally* (ECF No. 459); *see also* (ECF Nos. 603 at 3, 603-3 at 2).  More specifically, an account for Judgment Debtor Arefin (ending in 5513) held $327.76 and an account for Defendant Rahman (ending in 7130) held $4.68.[2]  (ECF No. 603-3 at 2).

On January 2, 2023, pursuant to Florida Statute § 77.055, Onemata gave notice to the Judgment Debtors of Chase's Answer.  *See* (ECF No. 460).  On June 5, 2023, Onemata filed and served a Notice of Extension of Garnishment pursuant to § 77.07, notifying the Judgment Debtors that it was extending the writ of garnishment as to Chase.  (ECF No. 505); *see also* Fla. Stat. § 77.07 (providing plaintiff the right to six-month extension of writ).

In early December 2023, the instant Motion as to Chase followed.  (ECF No. 603).  The Judgment Debtors do not oppose garnishing the amounts in the Chase accounts.  *See* (ECF

---

[2] Chase's Answer also listed three Safe Deposit boxes with "unknown" contents.  (ECF No. 603-3 at 2-3).  Onemata, however, is not seeking to garnish the contents of the Safe Deposit boxes.

Nos. 614 at 1, 615). Thus, Onemata requests entry of a final judgment of garnishment against Chase in the amount of $332.44. (ECF No. 603 at 2, 3).

Onemata also seeks $155 in garnishment-related costs, to be paid from the amounts held by Chase. (ECF No. 603 at 2, 3); *see also* (ECF No. 603-6) (affidavit detailing garnishment costs, including filing/service fees and statutory attorney's fees). Florida Statute § 77.28 provides that, upon rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee. Fla. Stat. § 77.28. Further, the court shall tax the garnishee's costs and expenses as costs. *Id.*

Based on a review of the record, the undersigned finds that Onemata has met the statutory requirements for a judgment of garnishment against Chase for $332.44. Accordingly, the Motion as to Chase should be **GRANTED** and the Court should enter a final judgment as proposed at ECF No. 603-7.

### B. Motion as to Wells Fargo

On December 8, 2022, Onemata served Wells Fargo with a writ of garnishment. (ECF No. 448). On December 20, 2022, Wells Fargo filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment it held funds on behalf of the Judgment Debtor Arefin, The Rahman/Arefin Living Trust, and the Saira Living Trust.[3] *See generally* (ECF No. 453); *see also* (ECF No. 603-2 at 2). In relevant part, Wells Fargo responded that three accounts hold funds for the Judgment Debtors' Living Trusts, including: (i) $974.09 in account ending in 7068; (ii) $1,028.88 in account ending in 9924; and (iii) $295.68 in account ending in

---

[3] Onemata refers to the Saira [sic] Living Trust. *See* (ECF Nos. 453 at 2, 602 at 2). Any transcription error in the trust name, however, does not affect the undersigned's ruling.

4

7337.[4]  (ECF No. 602 at 2); *see also* (ECF No. 602-3 at 2-3).  On December 21, 2022, pursuant to Florida Statute § 77.055, Onemata gave notice to the Judgment Debtors of Wells Fargo's Answer. *See* (ECF No. 454).

On June 5, 2023, Onemata filed and served a Notice of Extension of Garnishment pursuant to § 77.07, notifying the Judgment Debtors that it was extending the writ of garnishment as to Wells Fargo.  (ECF No. 504); *see also* § 77.07 (providing plaintiff the right to six-month extension of writ).

In early December 2023, the instant Motion as to Wells Fargo followed.  *See generally* (ECF No. 602).  The Judgment Debtors oppose the motion.[5]  *See* (ECF Nos. 614 at 1, 615). According to the Judgment Debtors, monies in the Wells Fargo accounts titled to the Judgment Debtors' Living Trusts cannot be garnished because the monies are property of the trust. (ECF No. 614 at 1).  In its motion, Onemata simply references Florida Statute § 736.0505(a), which generally states that property of a revocable trust is subject to the claims of the settler's creditors.  (ECF No. 602 at 3).  Neither party, however, provides substantive argument or case law to support their position.  Nevertheless, in its Answer to the writ, Wells Fargo (as garnishee) expresses its "doubt" on whether the funds held in the accounts with a "Living Trust" designation (i.e., accounts ending in 7068, 9924, and 7337) should be subject to garnishment. *See* (ECF Nos. 453 at 2 n.1, 602-3 at 2).

Whether to garnish trust property extends beyond the instant Motions.  Indeed, the dispute harks back to the issue previously before the Court regarding whether other assets owned by The

---

[4] Wells Fargo's Answer also lists four other accounts solely in the name of the Judgment Debtors with zero sums to garnish.  (ECF No. 602-3 at 2-3).

[5] Although Judgment Debtor Arefin initially consented to the relief in the Motions, she later joined in Judgment Debtor Rahman's opposition to the Motion as to Wells Fargo.  *Compare* (ECF Nos. 602 at 5, 603 at 4)*, with* (ECF No. 615).

5

Rahman/Arefin Living Trust (e.g., Boca Property) can be garnished to satisfy the Judgment. *See* (ECF No. 616) (Omnibus Order on Defendant's Motions to Quash Writ and Plaintiff's Motion to Compel). On that issue, the undersigned has previously found that, in the interest of judicial economy and to avoid possible inconsistent results, disputes regarding real property owned by The Rahman/Arefin Living Trust are best determined in the proceedings supplementary. (ECF No. 616 at 4). The same result should apply to monies in the Wells Fargo accounts that are purportedly titled to The Rahman/Arefin Living Trust and the Saira Living Trust. To be clear, whether monies held by Wells Fargo in accounts titled to the Living Trusts can be garnished to satisfy the Judgment is best determined within the proceedings supplementary, upon a fully developed record regarding ownership of the monies.[6] Accordingly, the Motion as to Wells Fargo should be **DENIED WITHOUT PREJUDICE**.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Plaintiff/Judgment Creditor Onemata Corporation's Motion for Final Judgment in Garnishment as to Garnishee Wells Fargo Bank, N.A. (ECF No. 602) be **GRANTED**. The Court should enter the proposed final judgment at ECF No. 603-7; and

2. Plaintiff/Judgment Creditor Onemata Corporation's Motion for Final Judgment in Garnishment as to Garnishee JP Morgan Chase Bank, N.A. (ECF No. 603) be **DENIED WITHOUT PREJUDICE**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as

---

[6] Onemata has commenced proceedings supplementary against The Rahman/Arefin Living Trust. To the extent that monies in the Wells Fargo accounts are titled to a different trust, Onemata is free to seek appropriate relief, including refiling its requests with proper factual and legal support.

provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 13, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
    All Counsel of Record