UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62002-DIMITROULEAS/VALLE

ONEMATA CORPORATION,

      Plaintiff,

v.

ASHFAQ RAHMAN and
SABIRA AREFIN,

      Defendants,

v.

WILLIAM SMITH and ENSCICON
ACQUISITIONS II, LLC,

      Third-Party Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE comes before the Court upon Onemata Corporation's ("Onemata's") Renewed Motion for Sanctions against Defendant/Judgment Debtors Ashfaq Rahman and Sabira Arefin for Failure to Comply with Discovery Order (ECF No. 647) (the "Motion"). United States District Judge William P. Dimitrouleas has referred all post-judgment motions in aid of execution to the undersigned for appropriate disposition. *See* (ECF No. 472).

Having reviewed the Motion, Rahman's Amended Response in Opposition to the Motion (ECF No. 669), Arefin's Joinder with Rahman's Amended Response (ECF No. 672), Onemata's Reply (ECF No. 680), and Rahman's Sur-Reply (ECF No. 688-1), and being otherwise fully advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART** for the reasons set forth below.

### I.      BACKGROUND AND PROCEDURAL HISTORY

Onemata commenced post-judgment proceedings to collect on an unsatisfied judgment for more than $7 million in favor of Onemata and against Defendants/Judgment Debtors Ashfaq Rahman and Sabira Arefin (together, "Judgment Debtors").  *See* (ECF No. 368) ($7 million Final Judgment); (ECF No. 496 at 22) (Onemata's motion alleging that the Judgment Debtors are jointly and severally liable for $4,330,645.56, with Judgment Debtor Rahman liable for an additional $6,330,645.56); (ECF No. 558 at 3) (asserting that judgment is now more than $8 million).  The Eleventh Circuit recently upheld the Final Judgment.  *Onemata Corp. v. Arefin*, No. 23-10070 (11th Cir. Aug. 6, 2024) (Docket No. 104-1).[1]

Relevant to instant Motion is the Supplemental Complaint, which alleges claims for fraudulent transfers against the Judgment Debtors and numerous Third Parties, pursuant to Florida's Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101.  *See generally* (ECF No. 626).  In brief, the Supplemental Complaint alleges claims regarding:

> transfers of nine (9) properties, all of which . . . (except for the Haydn Drive Property) occurred after the underlying litigation was filed [i.e., October 2020].  These transfers were done with the actual intent to hinder and defraud Onemata.  The Judgment Debtors transferred the properties to the Nevada limited liability companies and placed liens on them through HomeLien Investment, another entity

---

[1] This case has been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 259) (Omnibus Order granting in part Motions for Summary Judgment and Daubert Motions); (ECF No. 368) (Final Judgment in favor of Plaintiff and against Defendants/Judgment Debtors); (ECF No. 537) (Report and Recommendation ("R&R") to District Judge recommending that Onemata's Bill of Costs and Motion for Award of Attorney's Fees be granted in part); (ECF No. 545) (Omnibus Order adopting the undersigned's recommendation regarding fees and costs); *see also* (ECF Nos. 477, 498, 547, 552, 580) (various orders on post-judgment proceedings, including discovery motions and hearing); (ECF No. 585) (Order on Verified Motion to Commence Proceedings Supplementary and Related Relief); (ECF Nos. 586, 588-96) (Notices to Appear); (ECF No. 617) (transcript of 11/21/2023 evidentiary hearing); (ECF No. 708) (the undersigned's 6/27/2024 Omnibus Order on Procedural Post-Judgment Motions).

[the Judgment Debtors] formed in the West Indies, nineteen (19) days after the
Final Judgment was entered.

(ECF No. 691 at 8).

By separate Report and Recommendation, the undersigned recommends to the District

Judge that the Supplemental Complaint be dismissed for failure to state a claim for fraudulent

transfers, with leave to amend the claims.  Thus, the proceedings supplementary against the

Judgment Debtors and Third Parties provide the backdrop for the instant Motion.  As part of the

proceedings supplementary, in December 2023, the undersigned granted Onemata's Motion to

Compel the Judgment Debtors to produce "all documents in their custody, possession, or control"

responsive to Onemata's Fourth Request for Production.  (ECF No. 616 at 4-5).  The Fourth

Request for Production sought financial documents (i.e., bank and credit card statements) and

documents relating to the Haydn Drive Property[2] and the Third Parties.  *See generally*

(ECF No. 579) (Onemata's Motion to Compel Discovery and Request for Sanctions).

According to Onemata, the Fourth Request for Production seeks "information regarding

the transfers of the real property, the transfer of the membership interests to the trusts, and the

financial operations of both the limited liability companies and trusts," as well as information

regarding "the alleged loans or equity lines of credit to the limited liability companies and the

purported assignment of these loans to CSB."  (ECF No. 647 at 4).  Onemata argues that although

the Judgment Debtors provided an "updated response" in January 2024 and some previously

missing statements for various accounts, there have been no other documents produced regarding

the purported loans or investments at issue in these post-judgment proceedings.  *Id.* at 3, 5-6.

Further, according to Onemata, the Judgment Debtors willfully and in bad faith failed to provide

responsive documents.  *Id.* at 11; *see also* (ECF No. 680 at 2) ("It is unbelievable that the

---

[2] All capitalized terms have the same meaning as in the Supplemental Complaint.  (ECF No. 626).

[Judgment Debtors] do not have more information regarding the loans and assignments to CSB Holdings 329 LLC;" "there simply must be more documents relating to the over $7 [million] worth of 'loans' or 'investments' held by CSB which can be obtained by the [Judgment Debtors.").

Based on the Judgment Debtors' alleged failure to produce documents, Onemata requests sanctions, including: (i) a finding of "lack of consideration" for the various transfers of property and membership interests; (ii) an adverse inference against the Judgment Debtors that the various transfers were to "avoid collection;" (iii) an order prohibiting the Judgment Debtors from using or testifying about any documents that have not been provided to Onemata in discovery; and (iv) precluding the Judgment Debtors from testifying regarding any consideration paid for the various transfers or loans/equity lines of credit.  (ECF No. 647 at 11-12) (listing numerous possible sanctions).

In response to the Motion, the Judgment Debtors reiterate that they "have no other documents to produce."  (ECF No. 669 at 2) (representing that Rahman amended his response to the Fourth Request for Production to indicate that "there are no other documents to produce"); *id*. at 3 (referencing Rahman's Supplemental Response to the Fourth Request for Production that he has no other documents to produce); *id*. at 6 (arguing that the "Court cannot compel Rahman to produce additional documents or sanction Rahman for not producing additional statements because additional statements do not exist.").[3]

---

[3] Alternatively, the Judgment Debtors argue that the Court should: (i) defer ruling on sanctions until the issues are ripe in the proceedings supplementary; and (ii) have a hearing so that the Judgment Debtors could present all documents to demonstrate "the completeness of the production."  (ECF No. 669 at 11).  The undersigned recommends that the Court deny the Judgment Debtors' request for alternative relief.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 37(b)(2)(A) provides the remedy for disobeying a discovery order. *Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591, 2021 WL 8894465, at *1 (S.D. Fla. Aug. 20, 2021) (citation omitted).  Rule 37 sanctions "are intended to: (i) compensate the court and parties for the added expenses caused by discovery abuses; (ii) compel discovery; (iii) deter others from engaging in similar conduct; and (iv) penalize the offending party or attorney." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019) (citing *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993)).  If a party fails to obey an order to provide discovery, the Court may "issue further just orders." Fed. R. Civ. P. 37(b)(2).

The Court has broad discretion to fashion appropriate sanctions. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (affirming the trial court's discretionary grant of default judgment and monetary sanctions for willful violation of discovery orders).  Sanctions may include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  Fed. R. Civ. P. 37(b)(2)(A); *see also Mystique, Inc. v. 138 Int'l, Inc.*, No. 07-CV-22937, 2011 WL 13173601, at *4-5 (S.D. Fla. Aug. 31, 2011), *report and recommendation adopted*, 2011 WL 13173603 (S.D. Fla. Dec. 19, 2011).  The court may also order the disobedient party, its attorney, or both, to pay the reasonable expenses (including attorney's fees) that were caused by the unjustified failure to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(C);

*see, e.g., Mystique,* 2011 WL 13173601, at *10 (granting Rule 37 sanctions in proceedings supplementary, including adverse inference and attorney's fees, where impleaded defendants willfully and intentionally violated court orders); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994) (affirming trial court's award of monetary sanctions under Rule 37 against party and counsel who failed to make reasonable efforts to comply with the court's discovery order).

Moreover, sanctions may be imposed for noncompliance with a court order notwithstanding a lack of willfulness or bad faith by the disobedient party. *See BankAtlantic*, 12 F.3d at 1049 (only when a court imposes the most severe sanctions—dismissal or default judgment—is a finding of willfulness or bad faith failure to comply necessary). But violating a discovery order through simple negligence, misunderstanding, or inability to comply will not justify imposition of the most severe sanctions available—a default judgment or dismissal—under Rule 37. *Id.* (citing *Malautea*, 987 F.2d at 1542). While broad, a court's discretion to determine the appropriate sanction under Rule 37(b)(2) is not limitless. Rather, the sanction must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Hason v. Walmart, Inc.*, No. 22-CV-61246, 2023 WL 6200857, at *2 (S.D. Fla. Aug. 28, 2023) (citing *Malautea*, 987 F.2d at 1542), *report and recommendation adopted*, 2023 WL 6197339 (S.D. Fla. Sept. 22, 2023); *see also Mystique,* 2011 WL 13173601, at *5 (citation omitted).

## II.    DISCUSSION

Onemata seeks Rule 37 sanctions against the Judgment Debtors for their alleged failure to produce documents within their possession or control that are responsive to the Fourth Request for Production, as required by the undersigned's Order. *See generally* (ECF Nos. 616, 647). To date, the Judgment Debtors insist that they have produced documents responsive to the Fourth Request

for Production and "have no other documents to produce." (ECF No. 669 at 2). Onemata and the undersigned remain skeptical.

Based on the record before the Court, which includes a prior hearing at which the undersigned was able to evaluate the credibility of the Judgment Debtors regarding their initial efforts to produce responsive documents, *see* (ECF Nos. 616 at 2, 617 (11/21/2023 Hr'g Tr.)), the Court finds it unlikely that the Judgment Debtors have no additional documents relating to the underlying transfers in the Supplemental Complaint and responsive to the Fourth Request for Production. Despite this skepticism, without evidence to confirm the existence of responsive documents and the Judgment Debtors' intentional or negligent failure to produce documents in their custody, possession, or control, the undersigned must accept the Judgment Debtors' representation that "no more documents exist." *See* (ECF No. 669 at 1, 2, 3, 6). The Judgment Debtors cannot produce what they do not have. *See, e.g., Delotta v. S. Broward Hosp. Dist.*, No. 19-CV-62905, 2021 WL 6134784, at *3 (S.D. Fla. Jan. 22, 2021) (recognizing that party could not produce that which it did not have).

Nonetheless, in the undersigned's discretion and to ensure fairness in these proceedings supplementary, the Judgment Debtors should be prohibited from using or testifying about any documents that the Judgment Debtors have not provided to Onemata in discovery. (ECF No. 647 at 12) (item 6); *see, e.g.*, *BPI Sports, LLC v. ThermoLife Int'l, LLC*, No. 19-CV-60505, 2021 WL 2583493, at *8-9 (S.D. Fla. Feb. 25, 2021), *report and recommendation adopted*, 2021 WL 2946170 (S.D. Fla. July 14, 2021) (pursuant to the Court's inherent power and given clear and convincing evidence, party was precluded from introducing into evidence or otherwise using agreement that party had fabricated in bad faith). This recommendation aligns with other provisions of Rule 37 where, for example, a party is not allowed to use information that was not previously provided to its opponent. *See, e.g.*, Rule 37(c)(1) (precluding use of information or

witness not included in initial disclosures unless the failure to include was substantially justified).

Accordingly, the Motion should be granted to preclude the Judgment Debtors from introducing into evidence or otherwise using documents that the Judgment Debtors have not provided to Onemata in discovery.

The undersigned, however, finds the other sanctions Onemata requests are premature and too severe at this juncture. Indeed, Onemata, the Judgment Debtors, and the Third Parties are currently in the early pleading stage of litigating the fraudulent transfer claims alleged in the Supplemental Complaint, which now frames these proceedings supplementary. The more severe findings and corresponding sanctions that Onemata seeks go to the merits of the alleged fraudulent transfers (e.g., the existence or lack of consideration and the alleged avoidance of collection). (ECF No. 647 at 11-12) (items 1-5); *see, e.g., Delotta*, 2021 WL 6134784, at *3 (denying motion to exclude certain damages as premature where issue was more appropriately decided by the trier of facts later in the proceedings); *cf. Malautea*, 987 F.2d at 1542 (affirming default judgment for willful violation of discovery orders).[4] Accordingly, the undersigned recommends that the District Court deny Onemata's request for meris-based factual findings regarding consideration, an adverse inference that the failure to produce documents was to avoid collection, and preclusion of testimony (except as to any documents that the Judgment Debtors have not provided in discovery). (ECF No. 647 at 12) (items 1-5, 7-11).

---

[4] In relevant part, in *Malaueta*, the Eleventh Circuit concluded that trial judge correctly found that defendant's responses, which disclaimed knowledge of, and even the existence of relevant discovery, were "if not completely false, at least misleading." *Malautea*, 987 F.2d at 1541. The Court noted that the defendant deliberately withheld information from the plaintiff and counsel participated in the cover up. *Id.* Further, both the defendants and their attorneys committed all the above-detailed discovery abuses willfully, in bad faith. *Id.* The Eleventh Circuit affirmed the trial judge's finding that this bad faith and intransigence could not be cured by sanctions less severe than a default judgment against the defendants. *Id.* The instant proceedings supplementary are at a different juncture.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Onemata's Renewed Motion for Sanctions against Defendant/Judgment Debtors Ashfaq Rahman and Sabira Arefin for Failure to Comply with Discovery Order (ECF No. 647) be **GRANTED IN PART AND DENIED IN PART**.   More specifically, the undersigned recommends that the District Court preclude the Judgment Debtors from using, introducing into evidence, or testifying during these proceedings supplementary regarding any documents that the Judgment Debtors have not provided to Onemata in discovery.  (ECF No. 647 at 12) (item 6).  Onemata's request for additional sanctions should otherwise be denied.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. See Mag. J. R. 4(b) (any party may object to a Magistrate Judge's recommendation regarding dispositive motions within 14-days or within such other time as may be allowed by the Court). Further, within **seven days**, any party may respond to a parties' objections. *Id.*  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R.  3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on August 28, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
     All Counsel of Record