UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-62002-WPD

ONEMATA CORPORATION,
    Plaintiff,
v.
ASHFAQ RAHMAN, an individual; SABIRA AREFIN, an
individual; MASKGENE LLC, a Nevada limited liability
company; ASHFAQ RAHMAN, SABIRA AREFIN, and
RAN CHAE, Trustees of the BRIGHT STARS
IRREVOCABLE TRUST; BRIGHT STARS
IRREVOCABLE TRUST; PEACENHEAVEN LLC, a
Nevada
limited liability company; ASHFAQ RAHMAN, SABIRA
AREFIN, and RAN CHAE, Trustees of the PARADISE
VALLEY IRREVOCABLE TRUST; PARADISE VALLEY
IRREVOCABLE TRUST; ASHFAQ RAHMAN and
SABIRA AREFIN, Trustees of THE RAHMAN/AREFIN
LIVING TRUST; ITIE RAHMAN/AREFIN LIVING
TRUST; HOMELIEN INVESTMENT LLC (NEWS) a.k.a.
TRIDENT TRUST, a Nevis limited liability company;
BASHABARI LLC, a Nevada limited liability company;
ASHFAQ RAHMAN, SABIRA AREFIN, and RAN CHAE,
Trustees of the SUNSHINE IRREVOCABLE TRUST;
SUNSHINE IRREVOCABLE TRUST; LAKEMONT
PROPERTY LLC, a Nevada limited liability company; and
CSB HOLDINGS 329 LLC, a Nevis limited liability
company,
    Defendants/Third-Party Defendants.
_____/

### HOMELIEN INVESTMENT LLC AND CSB HOLDINGS 329 LLC'S
### MOTION TO QUASH SERVICE OF PROCESS
### THROUGH SPECIAL AND LIMITED APPEARANCE

Defendants HomeLien Investment LLC, a Nevis entity ("HomeLien"), and CSB Holdings 329 LLC, a Cook Islands entity ("CSB Holdings"), hereby move to quash the alleged service of process of Plaintiff Onemata Corporation's ("Onemata") Summons and Amended Supplemental Complaint. The service of process was defective as it did not comply with federal law governing international service on foreign entities. Note: This Motion constitutes a special appearance solely

for purposes of challenging service of process and is not a general appearance consenting to the jurisdiction of the Court.

Despite the international nature of this case and the well-established procedures for serving process on foreign entities, Plaintiff has failed to comply with the federal requirements for serving foreign entities in countries that are not signatories to the Hague Service Convention or other formal service-related treaties as applicable in Nevis and the Cook Islands. Specifically, Plaintiff neglected to pursue Letters Rogatory, the proper method for effecting service on foreign defendants in non-treaty countries, making the service invalid under **Federal Rule of Civil Procedure 4(f)**. As this action is in federal court, the issue of service of process is governed by federal law. Plaintiff's failure to adhere to these rules renders the Summons and service of process defective. Defendants therefore respectfully request that this Court quash the alleged service of process of Plaintiff's Summons and Amended Supplemental Complaint.

**I.   Plaintiff's Service of Process Documents Demonstrate That Plaintiff's Attempts at Service were Defective.**

Plaintiff has not filed a proper Certificate of Service with the Court demonstrating service on these two international foreign entities. Plaintiff's service of process documents sent to an attorney in the original case (See **Exhibit #1 Onemata Service Doc.pdf** ) claim and allege the following as service of process:

1. August 13, 2024 mailing of Summons and Supplemental Complaint to CSB Holdings and HomeLien.
2. August 21, 2024 alleged personal service of Summons and Supplemental Complaint on a Tracey Williams-Morton at an address in Charlestown, Nevis, West Indies by a Jaxson Jefferson from a Process Service Network of Valencia, California.
3. Miraculously, on the same day, August 21, 2024, alleged personal service of Summons and Supplemental Complaint on a Terai Teataariki at an address in Avarua District, Cook Islands by a Kuan Lung from a Process Service Network of Valencia, California.
4. September 11, 2024, Plaintiff filed its **Amended** Supplemental Complaint.
5. September 13, 2024 registered mailing of **Amended** Supplemental Complaint (no Summons) to CSB Holdings and HomeLien.

There is no proof any of the registered mailings were received by the Registered Agents or Managers of CSB Holdings or HomeLien. There is no proof that **any** Summons were delivered to the Registered Agents or Managers of CSB Holdings or HomeLien.  There is not even an allegation that a Summons was delivered with the **Amended** Supplemental Complaint. The **Amended** Supplemental Complaint could not have been delivered to any of these recipients because the alleged delivery dates were several weeks before the filing of the **Amended** Supplemental Complaint. The original complaints were already dismissed by the Court; therefore the plaintiff was required to properly prepare and serve a new Summons with **the Amended** Supplemental Complaints.

Furthermore, the postal mailings containing the dismissed Supplemental Complaints were never received by any Defendant.  (See **Exhibit #1 Onemata Service Doc.pdf**).   Moreover, there is no proof that either of the persons delivering "personal service" were licensed process servers in Nevis or Cook Islands, as required but rather the service of process documents suggest that these individuals are from the United States, possibly from California.  Moreover, as discussed below, *assuming arguendo* the persons delivering "personal service" were licensed process servers in Nevis and Cook Islands, the Summons were not issued or served as directed by Nevis and Cook Islands in response to a Letter Rogatory from this Court.

II.     **Failure to Serve Properly Under Federal Law**

Federal law governs service of process in cases before this Court. Under the **Federal Rules of Civil Procedure**, specifically Rule 4(f) (service on individuals and entities in foreign countries) and Rule 4(h) (service on foreign corporations), Plaintiff is required to follow the appropriate procedures for service on foreign entities.

Because Nevis and the Cook Islands are not signatories to the **Hague Service Convention**, the proper method for serving process in these countries is through **Letters Rogatory**, as outlined in 22 CFR § 92.54 and the Federal Rules of Civil Procedure 4(f)(2)(B). Letters Rogatory through diplomatic channels are mandated for formal service in Nevis, Cook Island and all countries that are not parties to an international process treaty. Also to re-emphasize, USC Title 22 Foreign Relations, Chapter I Department of State, Sec 92.54 asserts Letters Rogatory through diplomatic channels are mandated for formal service in all countries that are not parties to an international process treaty. See also **28 U.S.C. § 1781**. Plaintiff did not request or obtain Letters Rogatory, nor did it take the necessary steps to properly serve these foreign entities in compliance with Rule 4(f)(2) and Rule 4(h)(2). Without this, the service of process is defective, regardless of any state-specific procedures or provisions.

III. **Deficiencies in Plaintiff's Attempted Service**

Plaintiff's purported attempts at service are further defective as follows:

1. **Failure to Request Letters Rogatory**: Plaintiff did not request this Court to issue Letters Rogatory directed to the courts in Nevis or the Cook Islands, nor did it obtain a summons from the courts in those jurisdictions. This step is crucial in ensuring compliance with U.S. federal law regarding service in countries that do not follow the Hague Service Convention. Even if a treaty such as a Hague Convention existed in these countries, the plaintiff still needs to follow a series of procedures. By using Letters Rogatory, the court in the foreign country ensures that the service is carried out in compliance with its domestic laws. If U.S. courts were to attempt direct enforcement of their legal procedures (such as service of process or evidence gathering) in foreign countries without respecting the legal sovereignty of those countries, it would lead to **diplomatic tensions** and conflicts over jurisdiction.

Without Letters Rogatory, there is no legal basis for asserting that Defendants were properly served. Letters Rogatory act as a **buffer** by ensuring that international legal cooperation is **judicially regulated** and does not overstep boundaries. Given the volume of U.S. litigation with over 90% of world's litigation happening in the United States, and the potential for disputes involving foreign entities, this structured approach is essential to avoid international conflicts, streamlining of cross-border litigation and respect on foreign legal systems when engaging in cross-border disputes. These statutory requirements are based on the principals of comity rooted on the idea that countries should **cooperate** with each other and recognize each other's laws and judicial decisions, especially in matters of disputes involving international entities.

2. **Improper Service**: The law requires personal service on these entities, which Plaintiff has failed to achieve. Tracey Williams-Morton is not authorized by the Company to accept service of process as a Manager or an Agent of HomeLien. No such service was received. (See **Exhibit #3 Declaration of Sheri Moses.pdf).** Terai Teataariki is unknown to CSB Holdings and is definitely **not** its current Registered Agent or Manager nor is he or she authorized by the Company to accept service of process. (See **Exhibit #4 Declaration of Elizabeth Dain.pdf).** Moreover, Plaintiff has not filed any legitimate proof of service with this Court, as required by law. The Moving Parties only came to know about the alleged services of process as hearsay from an attorney in this original Onemata case. The affidavits provided by Plaintiff contain insufficient proof that these individuals were capable of accepting service on behalf of Defendants. Moreover, there is no evidence that these individuals have any connection to the entities or legal capacity to accept service, which is another fatal defect.

3. **Failure of USPS Delivery**: Tracking records for the USPS packages allegedly containing the service of process documents indicate that the packages did not reach their destinations in Nevis or the Cook Islands. (See **Exhibit #2 Cook Island and Nevis Undelivered.pdf**). For example, tracking number RR579177306US was processed through New Zealand but never delivered to the Cook Islands or Nevis, while tracking for RR579177310US remains as not found or unknown. There is no evidence that any authorized agent of either HomeLien or CSB Holdings received these documents.

4. **Defective Process Servers' Documentation**: Plaintiff has submitted two process servers' Proof of Service documents (See **Exhibit #1 Onemata Service Doc.pdf**), which claim service was performed from California, but provides no details about how personal service was achieved from California. The individuals allegedly served in this process, Terai Teataariki and Tracey Williams-Morten are not current authorized agents with legal capacity to accept service of either Defendant. Furthermore, their "Proof of Service" forms suggest that Jaxson Jefferson and Kuan Lung served process from California or at least traveled from California. The Proof of Service forms list their address as Valencia, California and they aver and their declarations are "under penalty of perjury of the laws of the United States of America". It is legally (and physically) impossible for a person located in California to have personally served these foreign entities in the Nevis or the Cook Islands, as alleged. Moreover, there is no evidence that Jaxson Jefferson or Kuan Lung is licensed to serve process in Nevis and the Cook Islands.

5. **No Personal Service as Required by Court Order**: The Court ordered personal service on these foreign entities has clearly not occurred. Plaintiff's actions, including mailing

documents with no proof of delivery, do not fulfill the personal service requirements. As such, service is invalid.

IV. **Legal Argument**

    A. **Federal Law Governs Service of Process in Federal Courts**

The service of process issue in this case is governed by federal law, not state law, as this is a federal action brought before the Southern District of Florida. Under the **Supremacy Clause** of the U.S. Constitution (Art. VI, cl. 2), federal law prevails in matters of service of process for foreign defendants.

The **Federal Rules of Civil Procedure** take precedence in this case, specifically Rules 4(f) and 4(h), which require proper service of foreign entities through methods such as Letters Rogatory when the foreign country is not a signatory to a service treaty, as is the case with Nevis and the Cook Islands which are countries not in the Hague Convention.

Plaintiff claims service of the summons was accomplished by "Registered Certified Mail to CSB Holdings and HomeLien." But Federal Courts have held that service by registered mail to a defendant in a foreign country is **not** a method of service of process permitted by the Hague Convention. **E.g Bankston v. Toyota Motor Corporation, 889 F.2d 172 (1989)** ("We conclude that sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention." 889 F.2d at 174).( As to service in Japan). Japan is a member of the Hague Convention. The sovereign nations of Nevis and Cook Islands are not and their rules of service of process are even more restrictive. Moreover, as indicated, Plaintiffs attempts to serve its **Amended** Supplemental Complaint via registered, certified mail did not even contain a Summons.  Plaintiff's attempts at service by mail are simply ineffective.

7

This Court has required litigants to specifically follow requirements of FRCP 4 (f) and 4(g) when serving a foreign international entity. In **Aurora Short v. Embraer S.A., 20-cv-61473 WPD, 2021 WL 2176854 (S.D. Florida, 2021)[1],** this Court granted the Defendant Brazilian Corporation's Motion to Quash the Plaintiff's Summons and service of process where the claimed service was on an American agent with limited service authority due to Defendant's participation in the American Depositary Receipt program of the New York Stock Exchange. This Court granted the Defendant's Motion to Quash stating: "(Defendant) moves to quash the summons based on improper service of process because Plaintiff was required, and failed to serve (Defendant), a foreign corporation, in accordance with the Hague Convention….In Florida, the Hague Convention applies in all cases where there is occasion to transmit a judicial or extrajudicial document for service abroad. The Hague convention, is treated superior to that of any State and local law…. The Court finds service was not properly effectuated upon (Defendant) in this matter." (Citations omitted). In **Embraer**, Defendant's Motion to Quash Summons and Service of Process was granted where the Hague Convention governed, and the Defendant foreign corporation had not been properly served a summons and complaint via claimed service on an American agent with limited authority. This Court in this present matter should do the same as it did previously, grant these Defendants' Motion to Quash when the Plaintiff ignores international protocols and federal rules governing service of process.

Other United States District Courts have consistently followed the same rulings. In **Ronald J. Moreland v. Tohnichi Mfg. Co., Ltd., 95 C 4047, 1995 WL 616667 (N.D. Illinois, 1995)[2]** the

---

[1] This is an unpublished opinion. It is considered non-precedential and is presented as persuasive authority.
[2] This is an unpublished opinion. It is considered non-precedential and is presented as persuasive authority.

court granted the Defendant Japanese corporation's Motion to Quash Service of Process where Plaintiff's claimed service was accomplished via mail. The Court held that under the Hague Convention mailing summons and complaint was not an acceptable method of service of process.

Obviously, in non-Hague Convention countries like Nevis and Cook Islands, the preferred rules for acceptable service of process would be the manner directed by those countries in response to a Letter Rogatory or letter of request received from those countries. The steps outlined in the Letters Rogatory processes by Nevis and Cook Island courts should be followed by Onemata to initiate a lawsuit on CSB and HomeLien. Both countries afford laws, procedures and remedies to the allegations that Onemata asserts. Onemata should not be allowed to bypass these well-established laws and judicial processes.

### B. Requirement of Letters Rogatory in Non-Signatory Countries

Pursuant to 22 CFR § 92.54, the proper method for serving process in countries like Nevis and the Cook Islands is through Letters Rogatory. These formal requests must be issued from a U.S. court to a foreign court through diplomatic channels for assistance with serving process. Failure to use this method risks an improper service of process, as any contrary action risks violating the due process requirements on foreign entities, per the United States and/or foreign jurisdiction's laws.

### C. Federal Law Supersedes State Law

Even if Florida law provides its own service rules, these rules are not controlling in this federal action. Federal law governs service of foreign defendants in federal court. Therefore, Plaintiff's failure to follow federal procedures renders any possible argument based on state law moot.

### V. Conclusion

Plaintiff's failure to properly serve HomeLien Investment LLC and CSB Holdings 329 LLC under the required federal procedures, including requesting the Court to issue Letters Rogatory, renders the service of process defective. Furthermore, Plaintiff has not filed any proof of valid service with this Court. As such, Defendants respectfully request that this Court quash the claimed service of process of Plaintiff's Summons applicable to Plaintiff's Amended Supplemental Complaint.

**Dated: October 22, 2024**

By: /s/ Roger C. Decker
Roger C. Decker, Esq.
Arizona Bar No. 005411
1138 N. Alma School Rd. Ste. 101
Mesa, AZ 85201
Email: rcd@udallshumway.com
Telephone:  (480) 461-5343
Facsimile:   (480) 833-9392
Attorney for HomeLien Investment LLC (Nevis) and CSB Holdings, 329 LLC (Cook Islands)

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the October 22, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for viewing and downloading.

 /s/ Harry Winderman
Harry Winderman, Esq.
Florida Bar No. 0209562
Email: Harry4334@hotmail.com
2255 Glades Road, Suite 205E
Boca Raton, Florida 33431
Office: (561) 707-0000
Cellular: (561) 901-5110
Local Counsel for PHV Attorney Decker