UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-62002-WPD

ONEMATA CORPORATION,

    Plaintiff,

v.

ASHFAQ RAHMAN, an individual, *et al.*,

    Defendants/Third-Party Defendants.

_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court on Third-party Defendants MaskGene, LLC ("MaskGene"), Peacenheaven, LLC ("Peacenheaven"), Lakemont Property, LLC ("Lakemont NV") and BashaBari, LLC ("BashaBari NV"), the Sunshine Irrevocable Trust (the "Sunshine Trust"), the Paradise Valley Irrevocable Trust ("Paradise Valley Trust"), and the Bright Stars Irrevocable Trust ("Bright Stars Trust"), Ran Chae, as Distribution Trustee of the Nevada Trusts (the "Distribution Trustee" or "Chae"); and Rahman and Arefin, as Trustees of the Nevada Trusts' Motion to Dismiss Amended Supplemental Complaint or, in the Alternative, for a More Definite Statement [DE 746], Defendants Ashfaq Rahman ("Rahman") and Sabira Arefin ("Arefin")'s Motion to Dismiss Amended Supplemental Complaint or, in the Alternative, for a More Definite Statement [DE 748], Defendants Ashfaq Rahman ("Rahman") and Sabira Arefin ("Arefin")'s Motion to Dismiss Amended Supplemental Complaint or, in the Alternative, for a More Definite Statement [DE 749], Rahman Arefin Living Trust Rahman as Trustee and Arefin as Trustees' Motion to Dismiss Amended Supplemental Complaint With Prejudice and Joinder to the Motion to Dismiss Arguments filed by Nevada Entities [DE 750], and CSB Holdings 329

LLC and HomeLien Investment LLC's Amended Motion to Dismiss Amended Supplemental Complaint for Lack of Jurisdiction, Failure to State a Claim and for Lack of Proper Service of Process [DE 864/865]; the August 13, 2023 Report and Recommendation ("R&R) of Magistrate Judge Alicia O. Valle, recommending that Defendants and Third-Party Defendants' Motions to Dismiss the Amended Supplemental Complaint [DE's 746, 748, 749, 750, 865] be denied [DE 873]; Defendants and Third-Party Defendants' Objections to the Magistrate Judge's R&R [DE's 883, 884, 885, 886]; Onemata Corporation's Responses to the Objections [DE's 893, 894, 895]; and Defendants and Third-Party Defendants' Replies [DE 903, 904, 905, 906]. The Court has carefully considered these filings, the entire docket, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and the Objection to the Magistrate Judge's R&R [DE's 883, 884, 885, 886]. The Court notes that a significant portion of the Objections are focused on the issue of Onemata's purported failure to allege diversity jurisdiction. *See* [DE's 883, 884, 885]. However, the R&R does not address diversity jurisdiction, as the Motions to Dismiss that the R&R analyzed and provided recommendations on did not raise this issue. *See* [DE's 746, 748, 749, 750, 865]. Accordingly, the Defendants and Third-Party Defendants should have raised the diversity issue in a separate filing, not commingled in it in their "objections" to the R&R. This Order will not address the issue of diversity jurisdiction. Rather, the Court has referred the diversity jurisdiction issue to Judge Valle for appropriate disposition or report and recommendation. *See* [DE 887]; *see also* [DE 888] (Judge Valle's September 9, 2025 Order to Show Cause Regarding Diversity Jurisdiction). Further, having carefully considered the remainder of the arguments raised in the Objections, the Court overrules the Objections. The Court agrees with Judge Valle's analysis and conclusions as set forth in the thorough R&R [DE 873].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 873] is hereby **APPROVED**;

2. Defendants and Third-Party Defendants' Objections to the Magistrate Judge's R&R [DE's 883, 884, 885, 886] are **OVERRULED**;

3. Defendants and Third-Party Defendants' Motions to Dismiss the Amended Supplemental Complaint [DE's 746, 748, 749, 750, 865] are **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record