**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:20-cv-62002-WPD**

ONEMATA CORPORATION

Plaintiff,

v.

ASHFAQ RAHMAN, an individual; SABIRA AREFIN, an individual; MASKGENE LLC, a Nevada limited liability company; ASHFAQ RAHMAN, SABIRA AREFIN, and RAN CHAE, Trustees of the BRIGHT STARS IRREVOCABLE TRUST; BRIGHT STARS IRREVOCABLE TRUST; PEACENHEAVEN LLC, a Nevada limited liability company; ASHFAQ RAHMAN, SABIRA AREFIN, and RAN CHAE, Trustees of the PARADISE VALLEY IRREVOCABLE TRUST; PARADISE VALLEY IRREVOCABLE TRUST; ASHFAQ RAHMAN and SABIRA AREFIN, Trustees of THE RAHMAN/AREFIN LIVING TRUST; THE RAHMAN/AREFIN LIVING TRUST; HOMELIEN INVESTMENT LLC (NEVIS) a.k.a. TRIDENT TRUST, a Nevis limited liability company; BASHABARI LLC, a Nevada limited liability company; ASHFAQ RAHMAN, SABIRA AREFIN, and RAN CHAE, Trustees of the SUNSHINE IRREVOCABLE TRUST; SUNSHINE IRREVOCABLE TRUST; LAKEMONT PROPERTY LLC, a Nevada limited liability company; and CSB HOLDINGS 329 LLC, a Cook Islands company,

Defendants/Third-Party Defendants.
_______________________________________/

**<u>ONEMATA CORPORATION'S SECOND AMENDED SUPPLEMENTAL COMPLAINT</u>**

Plaintiff/Judgment Creditor, Onemata Corporation ("Onemata") by and through counsel Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C. and Kenneth L. Minerley of Minerley Fein, P.A., hereby files this Second Amended Supplemental Complaint to Set Aside Fraudulent Transfers by the Defendants/Judgment Debtors, Ashfaq Rahman ("Rahman") and Sabira Arefin ("Arefin") (collectively "Defendants/Judgment Debtors") pursuant to Rule 69(a), F.R.C.P., §§56.29, §726.105(1)(a) and (b), Fla. Stat., and §726.106, Fla. Stat. and in support thereof states and alleges the following:

**A. <u>Parties, Jurisdiction, and Venue.</u>**

1. Onemata is a Colorado corporation with its principal place of business in Denver, Colorado. All of its shareholders live in states other than Florida.

2. Defendant Rahman is an individual who claims to be a resident of and domiciled in the state of Florida.

3. Defendant Arefin is an individual who claims to be a resident of and domiciled in the state of Florida.

4. Onemata is informed and believes that MaskGene LLC ("MaskGene") is a Nevada limited liability company, and Arefin is its sole manager. The membership interests of MaskGene are owned by the Bright Stars Irrevocable Trust. Arefin and Rahman are the grantors and trustees of the Bright Stars Irrevocable Trust and control both MaskGene and the Trust.

5. Onemata is informed and believes that Ran Chae ("Chae") is an individual resident of Nevada.

6. Onemata is informed and believes that the Bright Stars Irrevocable Trust ("Bright Stars") is a purported Nevada spendthrift trust, and Rahman, Arefin, and Chae are its purported trustees.

7. Onemata is informed and believes that Peacenheaven LLC ("Peacenheaven") is a Nevada limited liability company, and Arefin is its sole manager. The membership interests of Peacenheaven are owned by the Paradise Valley Irrevocable Trust. Arefin and Rahman are the grantors and trustees of the Paradise Valley Irrevocable Trust and control both Peacenheaven and the Trust.

8. Onemata is informed and believes that the Paradise Valley Irrevocable Trust ("Paradise Valley") is a purported Nevada spendthrift trust, and Rahman, Arefin, and Chae are its purported trustees.

9. Onemata is informed and believes that The Rahman/Arefin Living Trust is a Florida trust, and Rahman and Arefin are its grantors and trustees.

10. Onemata is informed and believes that HomeLien Investment LLC (Nevis), a.k.a. Trident Trust, is a limited liability company formed under the laws of Nevis West Indies.

11. Onemata is informed and believes that BashaBari LLC ("BashaBari") is a Nevada limited liability company, and Arefin is its sole manager. The membership interests of BashaBari are owned by the Sunshine Irrevocable Trust. Arefin and Rahman are the grantors and trustees of the Sunshine Irrevocable Trust and control both BashaBari and the Trust.

12. Onemata is informed and believes that the Sunshine Irrevocable Trust (the "Sunshine Trust") is a purported Nevada spendthrift trust, and Rahman, Arefin, and Chae are its purported trustees.

13. Onemata is informed and believes that Lakemont Property LLC ("Lakemont") is a Nevada limited liability company, and Arefin is its sole manager. The membership interests of Lakemont are owned by Bright Stars. Arefin and Rahman are the grantors and trustees of Bright Stars and control both Lakemont and the Trust.

14. Onemata is informed and believes that CSB Holdings 329 LLC ("CSB") is a limited liability company formed under the laws of the Cook Islands.

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there exists complete diversity of citizenship between Onemata and the Defendants and because the amount in controversy exceeds $75,000.00.

16. Alternatively, this Court has ancillary jurisdiction over these proceedings supplementary pursuant to F.R.C.P. 69, Fla. Stat. § 56.29, and *National Maritime Services, Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015) because this proceeding is factually interdependent with the Underlying Litigation, as defined below, and application of ancillary jurisdiction in this case will enable the Court to better manage its proceedings, vindicate its authority, and effectuate its decrees."

17. This Court also has personal jurisdiction over the Defendants/Judgment Debtors as they have agreed to jurisdiction and venue before this Court and have admitted domicile in the state of Florida. [*see, e.g.,* DE 146 at ¶1 and DE 149 at ¶1].

18. This Court has personal jurisdiction over the third-party interpleader defendants as they are alter egos of, and under the control of, Rahman and Arefin, as more particularly alleged above. The alter ego theory of long-arm jurisdiction is a limited exception to the usual two-step process of establishing long-arm jurisdiction. *See, e.g., Floridians for Solar Choice,*

*Inc. v. PCI Consultants, Inc.,* 2020 WL 5757083 *3 (S.D.Fla. Sept. 28, 2020)(quoting *Broward Marine, Inc. v. S/V Zeus,* 2010 WL 427496 *6 (S.D.Fla. Feb. 1, 2010).

**B. The Underlying Litigation.**

19. On October 2, 2020, Onemata filed its Verified Complaint against Rahman and Arefin alleging claims for fraudulent concealment, fraudulent misrepresentation, fraudulent inducement, breach of contract, promissory estoppel, and unjust enrichment in connection with the Defendants' sale of their business LocalBlox, Inc. ("LocalBlox") to Onemata's predecessor Enscicon Acquisition, LLC ("Enscicon") (the "Underlying Litigation").

20. On November 17, 2020, Onemata filed its Amended Verified Complaint [DE 27].

21. Defendants answered with numerous counterclaims against Onemata as well as third-party claims against Enscicon and William Smith individually.

22. After extensive discovery and numerous pretrial motions, the case was originally scheduled for a jury trial to begin on March 14, 2022. At the Calendar Call on March 11, 2022, this Court continued the trial date.

23. The case proceeded to trial on Onemata's Amended Verified Complaint on August 29, 2022. The trial concluded on September 13, 2022 with the jury finding in favor of Onemata and against the Defendants on Onemata's breach of contract claim and against the Defendants on their claims for breach of contract and awarding $5 million against the Defendants (jointly and severally), as well as an additional $2 million against Rahman for tortious interference with contract.

24. Although the jury's verdict was based on breach of contract, the evidence supporting the breach of contract claims was numerous instances of fraud committed by the Defendants before, during, and after the sale of LocalBlox.

25. On September 14, 2022, this Court entered Final Judgment in favor of Onemata against Rahman and Arefin, jointly and severally, in the amount of $5 million plus post-judgment interest at the legal rate, and in favor of Onemata against Rahman for a tortious interference with contract claim in the amount of $2 million plus post-judgment interest at the legal rate (the "Final Judgment"). This Court further dismissed the counterclaims and third-party claims asserted by Defendants against Onemata, Enscicon, and William Smith.

26. After the expiration of the automatic stay pursuant to F.R.C.P. 62, Onemata began taking action to enforce and collect its judgment against the Defendants/Judgment Debtors. On December 8, 2022, Onemata recorded the Final Judgment in the public records, Palm Beach County, Florida, along with an Affidavit in Support of Final Judgment pursuant to §55.10(1), Fla. Stat.

27. On April 20, 2023, the King County Sherriff's department (Washington) executed on a writ of execution and seized various personal property of Rahman's and Arefin's. In addition, on May 2, 2023, Onemata recorded two (2) Judgment Lien Certificates with the Florida Department of State, Division of Corporations, in accordance with §55.203, Fla. Stat. The first one referenced the portion of the Judgment against Rahman and Arefin, jointly and severally; the second one referenced the Judgment against Rahman.

28. On January 6, 2023, Rahman and Arefin filed their Notices of Appeal. The Defendants/Judgment Debtors did not post a bond or seek a stay of execution on the judgment.

The Court of Appeals Affirmed the Judgment and the District Court in all respects on August 8, 2024. The Defendants/Judgment Debtors have petitioned for rehearing.

29. Onemata filed its Verified Motion to Commence Proceedings Supplementary and to Set Aside Fraudulent Transfers on May 19, 2023 [DE 496] which this Court granted in part on December 1, 2023 [DE 585].

30. Onemata filed its Motion to Amend the Verified Motion to Commence Proceedings Supplementary and to Set Aside Fraudulent Transfers on October 4, 2023 [DE 549] which this Court granted on December 1, 2023 [DE 585].

**C. Factual Background with Respect to Fraudulent Transfers.**

31. Onemata has obtained banking and real estate records of Rahman and Arefin through subpoenas to various financial institutions. In addition, Onemata served four requests for production of documents in aid of execution on Rahman and Arefin and conducted two Rule 69 examinations of each Judgment Debtor. A cursory review of Rahman and Arefin's responses shows Rahman and Arefin did not produce many of the documents requested. During the Rule 69 examinations, Rahman and Arefin actively concealed their assets, misrepresented facts and transactions, and actively concealed their actions in connection with numerous transactions and real estate transfers.

**D. Mortgages, Promissory Notes, Equity Lines of Credit, etc. Allegedly Held for Loans Made by HomeLien Investment, LLC.**

32. On October 3, 2022, nineteen (19) days after the Final Judgment was issued, HomeLien Investment LLC ("HomeLien") was formed in Nevis Island, West Indies (Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis, West Indies). This is the same

address as Trident Trust, which is an offshore company that specializes in setting up limited liability companies and trusts to protect assets from creditors.

33. Upon information and belief, Rahman and Arefin have formed HomeLien for the purpose of creating fraudulent mortgages as a way to protect their real property.

34. Onemata seeks to avoid any mortgages or loans made by HomeLien to Rahman and Arefin, the limited liability companies owned or formerly owned by the Rahman and Arefin, or any trust in which the Rahman and Arefin are both Grantors and/or Trustees.

35. It is believed these mortgages and/or loans were made with actual intent to defraud Onemata and done by insiders of the limited liability companies and the trusts.

36. Rahman and Arefin retained possession and control of the properties after the alleged loans.

37. Further, these mortgages and loans were originally concealed by Rahman and Arefin, and ultimately incomplete documents were produced, in responding to Onemata's requests for production of documents, and these mortgages or loans occurred at a time when Onemata's claims and/or judgments were known by Rahman and Arefin. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

38. On June 2, 2023, HomeLien assigned the Mortgages to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignments. The assignments by Defendants/Judgment Debtors were done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

39. There was no consideration paid for the assignments. The assignments by Defendants/Judgment Debtors were done with actual intent to hinder and defraud Onemata from collecting its judgment.

40. Capital Security Bank holds itself out as a lending bank specializing in asset protection from creditors. Defendant/Judgment Debtor Rahman testified in his Rule 69 examination that he and Arefin consulted with Ora Partners Wealth Solutions in the Cook Islands and that their lawyers set up the HomeLien loans and CSB.

41. Onemata has sought documents from Rahman and Arefin with respect to the alleged transfers and has received only single, one-page statements indicating a loan to HomeLien and a corresponding deposit account.

42. Upon information and belief, the assignment of the HomeLien loans is just the latest fraudulent attempt to hinder and delay Onemata from collecting its judgment.

**E. <u>Proceedings Supplementary.</u>**

43. On May 19, 2023, Onemata filed a Verified Motion to Commence Proceedings Supplementary and to Set Aside Fraudulent Transfers [DE 496].

44. On December 1, 2023, the Court entered an Order on Verified Motion to Commence Proceedings Supplementary and Related Relief [DE 585].

45. On December 1, 2023, the Court issued Notices to Appear to the following third-parties which are alter egos of Rahman and Arefin (collectively, the "Third-Parties").

a. MaskGene

b. Bright Stars

c. Peacenheaven

d. Paradise Valley

e. The Rahman/Arefin Living Trust

f. HomeLien

g. BashaBari

h. Sunshine Trust

i. Lakemont

j. CSB

k. Ora Partners Wealth Solutions

46. The Third-Parties were served with the Notices to Appear and have been properly impleaded into these proceedings supplementary.

47. All conditions precedent to this action have been performed, excused, and/or were waived.

48. Onemata has been required to retain the undersigned counsel to represent its interests in this matter and is entitled to the attorney's fees and costs incurred pursuant to §56.29(8), Fla. Stat. and §57.115, Fla. Stat.

**F. Fraudulent Transfers Effected by Rahman and Arefin.**

**10333 East Buckskin Trail, Scottsdale, Arizona**
**(Count I – Fraudulent Transfer – Intent to Defraud**
**Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

49. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

50. On January 31, 2020, Arefin and Rahman purchased, by warranty deed, a home located at 10333 East Buckskin Trail, Scottsdale, Arizona 85255 (the **"Buckskin Property"**).

51. On November 16, 2020, after Onemata filed the underlying litigation, Arefin formed MaskGene and serves as its Manager. Rahman and Arefin were MaskGene's members.

52. On August 18, 2021, Rahman and Arefin executed a special warranty deed conveying the Buckskin Property to MaskGene.

53. MaskGene acquired the Buckskin Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

54. MaskGene is a Nevada limited liability company and was formed by Arefin, its Manager.

55. On February 25, 2022, eighteen (18) days before the original trial date in the underlying litigation, Rahman and Arefin transferred their membership interests in MaskGene to Bright Stars.

56. When the membership interests of MaskGene were transferred to Bright Stars there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

57. Rahman and Arefin are Bright Stars' grantors.

58. Rahman, Arefin, and Chae are Bright Stars' purported trustees.

59. Chae works for the Law Office of John Park in Las Vegas, Nevada, which specializes in Nevada asset protection trusts to protect assets from creditors. The Law Office of John Park set up the Nevada limited liability companies and the Nevada trusts.

60. Arefin remains the Manager of MaskGene.

61. Rahman and Arefin remain Grantors and Trustees of Bright Stars and operate the Trust in the management of the Buckskin Property.

62. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

63. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the Buckskin Property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

64. Rahman and Arefin concealed these transfers by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers to hinder and defraud Onemata from collecting its judgment.

65. On October 3, 2022, nineteen (19) days after the Final Judgement was issued, HomeLien was formed in Nevis Island, West Indies (Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis, West Indies). Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis, West Indies is the same address as Trident Trust, which is an offshore company that specializes in setting up limited liability companies and trusts to protect assets from creditors. HomeLien was formed by Rahman and Arefin.

66. On October 25, 2022, MaskGene allegedly obtained an equity line of credit secured by a mortgage on the Buckskin Property from HomeLien. Rahman and Arefin originally concealed this loan by failing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

67. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;
b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;
c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;
d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;
e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>10333 East Buckskin Trail, Scottsdale, Arizona</u>**
**(Count II – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

68. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

69. On January 31, 2020, Arefin and Rahman purchased the Buckskin Property by warranty deed.

70. On November 16, 2020, after Onemata filed the underlying litigation, Arefin formed MaskGene and serves as its manager. Rahman and Arefin were MaskGene's members.

71. On August 18, 2021, Rahman and Arefin executed a special warranty deed conveying the Buckskin Property to MaskGene.

72. MaskGene is a Nevada limited liability company and was formed by Arefin, its Manager.

73. On February 25, 2022, eighteen (18) days before the original trial date in the underlying litigation, Rahman and Arefin transferred their membership interests in MaskGene to Bright Stars. Bright Stars paid no consideration for its acquisition of the membership interests in MaskGene.

74. Rahman and Arefin are Bright Stars' grantors.

75. Rahman, Arefin, and Chae are Bright Stars' purported trustees.

76. Chae works for the Law Office of John Park in Las Vegas, Nevada, which specializes in Nevada asset protection trusts to protect assets from creditors. The Law Office of John Park set up the Nevada limited liability companies and the Nevada trusts.

77. MaskGene acquired the Buckskin Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

78. When the membership interests of MaskGene were transferred to Bright Stars there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

79. Arefin remains the Manager of MaskGene.

80. Rahman and Arefin remain Grantors and Trustees of Bright Stars and operate the Trust in the management of the Buckskin Property.

81. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

82. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the Buckskin Property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

83. Rahman and Arefin concealed these transfers by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

84. On October 3, 2022, nineteen (19) days after the Final Judgement was issued, HomeLien was formed in Nevis Island, West Indies (Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis, West Indies). This is the same address as Trident Trust, which is an offshore company that specializes in setting up limited liability companies and trusts to protect assets from creditors. HomeLien was formed by Rahman and Arefin.

85. On October 25, 2022, MaskGene allegedly obtained an equity line of credit secured by a mortgage on the Buckskin Property from HomeLien. Rahman and Arefin originally concealed this loan by failing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

86. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**3761 East San Mateo Way, Chandler, Arizona**
**(Count III – Fraudulent Transfer – Intent to Defraud**
**Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

87. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

88. On March 16, 2020, Rahman and Arefin purchased real property at 3761 East San Mateo Way, Chandler, Arizona 85249 (the **"San Mateo Property"**).

89. On November 3, 2021, after Onemata filed the underlying litigation, Arefin formed Peacenheaven and serves as its manager. Arefin and Rahman were Peacenheaven's members. The

Non-Commercial Registered Agent for Peacenheaven is the Law Office of John Park in Las Vegas, Nevada.

90. On February 4, 2022, a little over a month before the original trial setting of March 14, 2022, Rahman and Arefin transferred the San Mateo Property to Peacenheaven.

91. Peacenheaven acquired the San Mateo Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

92. Peacenheaven is a Nevada limited liability company and was formed by Arefin, its Manager.

93. On February 25, 2022, a few weeks before the original trial date in the underlying litigation, Arefin and Rahman transferred their membership interests in Peacenheaven to Paradise Valley.

94. When the membership interests of Peacenheaven were transferred to Paradise Valley there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

95. Rahman and Arefin are Paradise Valley's grantors.

96. Rahman, Arefin, and Chae are Paradise Valley's purported trustees.

97. Arefin remains the Manager of Peacenheaven.

98. Rahman and Arefin remain Grantors and Trustees of Paradise Valley and operate the Trust in the management of the San Mateo Property.

99. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

100. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the San Mateo Property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

101. Rahman and Arefin concealed these transfers by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers to hinder and defraud Onemata from collecting its judgment.

102. On October 25, 2022, Peacenheaven allegedly obtained an equity line of credit secured by a mortgage on the San Mateo Property from HomeLien. Rahman and Arefin originally concealed this loan by failing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

103. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their

Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;
b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;
c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;
d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;
e. That the HomeLien Mortgage and the Assignment to CSB be set aside;
f. The attorney's fees and costs incurred; and
g. Such other and further relief as this Court deems just and proper.

**<u>3761 East San Mateo Way, Chandler, Arizona</u>**
**(Count IV – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

104. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 47 above as though fully set forth herein.

105. On March 16, 2020, Rahman and Arefin purchased the San Mateo Property. On November 3, 2021, after Onemata filed the underlying litigation, Arefin formed Peacenheaven and serves as its manager. Arefin and Rahman were Peacenheaven's members. The Non-

Commercial Registered Agent for Peacenheaven is the Law Office of John Park in Las Vegas, Nevada.

106. On February 4, 2022, a little over a month before the original trial setting of March 14, 2022, Rahman and Arefin transferred the San Mateo Property to Peacenheaven.

107. The Manager of Peacenheaven is Arefin and Rahman and Arefin were the members of Peacenheaven.

108. The Non-Commercial Registered Agent for Peacenheaven is the Law Office of John Park in Las Vegas, Nevada. Mr. Park specializes in Nevada asset protection trusts to protect assets from creditors.

109. On February 25, 2022, a few weeks before the original trial date in the underlying litigation, Arefin and Rahman transferred their membership interests in Peacenheaven to Paradise Valley, a Nevada asset protection trust, created through Rahman and Arefin's Attorney John Park.

110. Rahman, Arefin and Chae are the Trustees of Paradise Valley.

111. Rahman and Arefin are the Grantors of Paradise Valley.

112. After the transfer, Rahman and Arefin retained possession or control over the San Mateo Property.

113. The transfer of the San Mateo Property by Rahman and Arefin was made with actual intent to hinder, delay, and defraud Onemata.

114. The transfers were done without either Peacenheaven or Paradise Valley providing any consideration for the transfer of the property (as stated by Rahman and Arefin during their Rule 69 examinations).

115. Each of these transfers were made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the San Mateo Property after the transfer. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

116. Each of these transfers were made at a time when Rahman and Arefin were aware of the claims by Onemata and were done while the lawsuit was pending.

117. Rahman and Arefin originally concealed these transfers by refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

118. On October 25, 2022, Peacenheaven allegedly obtained an equity line of credit secured by a mortgage on the San Mateo Property from HomeLien. HomeLien was formed by Rahman and Arefin. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

119. Rahman and Arefin concealed this loan by originally failing to produce any records, and ultimately producing incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

120. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>10870 Haydn Drive, Boca Raton, Florida</u>**
**(Count V – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

121. Plaintiff hereby incorporates the allegations in paragraphs 1 through 30 and 42 through 47 set forth above as though fully set forth herein.

122. On December 23, 2019, just five (5) days after the sale of LocalBlox to Onemata, Rahman and Arefin transferred, by quit claim deed, 10870 Haydn Drive, Boca Raton, Florida 33498 (the **"Haydn Property"**) to The Rahman/Arefin Living Trust. This transfer was done pre-litigation, however Rahman and Arefin were fully aware that frauds had been committed by each of them in connection with their business and the sale of LocalBlox. This transfer was done with actual intent to hinder and defraud Onemata and other potential creditors from collecting their debts.

123. Rahman and Arefin are both the Grantors and the Trustees of The Rahman/Arefin Living Trust.

124. The transfer was done without The Rahman/Arefin Living Trust providing consideration for the transfer of the Haydn Property.

125. This transfer was made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the Haydn Property after the transfer.

126. Rahman and Arefin originally concealed this transfer by refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The concealment by Rahman and Arefin was done with actual intent to hinder and defraud Onemata from collection of its judgment.

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. The attorney's fees and costs incurred; and

f. Such other and further relief as this Court deems just and proper.

**<u>10870 Haydn Drive, Boca Raton, Florida</u>**
**(Count VI – Fraudulent Transfer – Constructive Fraud**
**Pursuant to Fla. Stat. § 726.105(1)(b))**

127. Plaintiff hereby incorporates the allegations in paragraphs 1 through 30 and 42 through 47 set forth above as though fully set forth herein.

128. On December 23, 2019, just five (5) days after the sale of LocalBlox to Onemata, Rahman and Arefin transferred the Haydn Property, by quit claim deed, to The Rahman/Arefin Living Trust. This transfer was done pre-litigation, however Rahman and Arefin were fully aware that frauds had been committed by each of them in connection with their business and the sale of LocalBlox. This transfer was done with actual intent to hinder and defraud Onemata and other potential creditors from collecting their debts.

129. Rahman and Arefin are both the Grantors and the Trustees of The Rahman/Arefin Living Trust.

130. The transfer was done without The Rahman/Arefin Living Trust providing consideration for the transfer of the Haydn Property.

131. This transfer was made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the Haydn Property after the transfer.

132. Rahman and Arefin originally concealed this transfer by refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The concealment by Rahman and Arefin was done with actual intent to hinder and defraud Onemata from collection of its judgment.

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. The attorney's fees and costs incurred; and

f. Such other and further relief as this Court deems just and proper.

**6403 Parc Corniche Drive, Unit 4313, Orlando, Florida**
**(Count VII – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

133. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

134. On May 14, 2021, Arefin purchased 6403 Parc Corniche Drive, Unit 4313, Orlando, Florida 32821 (the **"Parc Corniche Property"**).

135. This purchase was while the underlying litigation was pending.

136. On October 18, 2022, Arefin allegedly obtained an equity line of credit secured by a mortgage on the Parc Corniche Property from HomeLien. HomeLien was formed by Rahman and Arefin.

137. This alleged equity line of credit occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

138. Rahman and Arefin concealed this loan by originally failing to produce any records, and ultimately producing incomplete records, of the loan in response to Onemata's requests for production of documents. The concealment by Rahman and Arefin was done with actual intent to hinder and defraud Onemata from collection of its judgment.

139. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their

Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>6403 Parc Corniche Drive, Unit 4313, Orlando, Florida</u>**
**(Count VIII – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

140. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

141. On May 14, 2021, Arefin purchased the Parc Corniche Property.

142. This purchase was while the underlying litigation was pending.

143. On October 18, 2022, Arefin allegedly obtained an equity line of credit secured by a mortgage on the Parc Corniche Property from HomeLien. HomeLien was formed by Rahman and Arefin.

144. In addition, this alleged equity line of credit was made by Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

145. Rahman and Arefin concealed this loan by originally failing to produce any records, and ultimately producing incomplete records, of the loan in response to Onemata's requests for production of documents. The concealment by Rahman and Arefin was done with actual intent to hinder and defraud Onemata from collection of its judgment.

146. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>5721 122nd Place Southeast, Unit 201, Bellevue, Washington</u>**
**(Count IX – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

147. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 47 above as though fully set forth herein.

148. On July 20, 2015, Rahman purchased 5721 122nd Place Southeast, Unit 201, Bellevue, Washington 98006 (the **"Unit 201 Property"**).

149. On October 1, 2021, after commencement of the underlying action, Arefin formed BashaBari. Arefin serves as BashaBari's manager. Arefin and Rahman were BashaBari's members.

150. On October 28, 2021 Rahman executed a quitclaim deed for the Unit 201 Property to Arefin. Arefin paid no consideration for the transfer of the Unit 201 Property.

151. Also on October 28, 2021, Arefin executed a quitclaim deed for the Unit 201 Property to BashaBari.

152. BashaBari acquired the Unit 201 Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

153. BashaBari is a Nevada limited liability company and was formed by Arefin, its Manager.

154. On February 25, 2022, just before the original trial date in the underlying litigation, Rahman and Arefin transferred the membership interests of BashaBari to the Sunshine Trust.

155. When the membership interests of BashaBari were transferred to the Sunshine Trust there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

156. Rahman and Arefin are the Sunshine Trust's grantors.

157. Rahman, Arefin, and Chae are the Sunshine Trust's purported trustees.

158. Arefin remains the Manager of BashaBari.

159. Rahman and Arefin remain Grantors and Trustees of the Sunshine Trust and operate the Trust in the management of the Unit 201 Property.

160. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

161. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the Unit 201 Property after the transfers. These transfers were made by Rahman

and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

162. Rahman and Arefin concealed these transfers by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers to hinder and defraud Onemata from collecting its judgment.

163. On October 31, 2022, BashaBari allegedly obtained an equity line of credit secured by a mortgage on the Unit 201 Property from HomeLien. Rahman and Arefin originally concealed this loan by failing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

164. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**5721 122nd Place Southeast, Unit 201, Bellevue, Washington**
**(Count X – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

165. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 47 above as though fully set forth herein.

166. On July 20, 2015, Arefin purchased the Unit 201 Property.

167. On October 1, 2021, after commencement of the underlying action, Arefin formed BashaBari. Arefin serves as BashaBari's manager. Arefin and Rahman were BashaBari's members.

168. On October 28, 2021 Rahman executed a quitclaim deed for the Unit 201 Property to Arefin. Arefin paid no consideration for the transfer of the Unit 201 Property.

169. Also on October 28, 2021, Arefin executed a quitclaim deed for the Unit 201 Property to BashaBari through the Law Office of John Park in Las Vegas, Nevada. BashaBari paid no consideration for the transfer of the Unit 201 Property.

170. This transfer occurred while the underlying litigation was pending.

171. On February 25, 2022, just before the original trial date in the underlying litigation, Rahman and Arefin transferred the membership interests of BashaBari to the Sunshine Trust, a Nevada asset protection trust, formed by Rahman and Arefin's attorney John Park.

172. Arefin and Rahman are the Sunshine Trust's grantors.

173. Chae, Rahman and Arefin serve as the Sunshine Trust's trustees.

174. The transfer of this property was made with actual intent to hinder, delay, and defraud Onemata.

175. The transfers were done without Arefin, BashaBari, or the Sunshine Trust providing any consideration for the transfer of the property.

176. Each of the foregoing transfers were made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the Unit 201 Property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in

Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

177. Each of the transfers were made at a time when Rahman and Arefin were aware of the claims by Onemata and while the lawsuit was pending.

178. Rahman and Arefin concealed these transfers by originally refusing to produce documents, and ultimately producing incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

179. On October 31, 2022, BashaBari allegedly obtained an equity line of credit secured by a mortgage on the Unit 201 Property from HomeLien and issued a deed of trust to HomeLien. HomeLien was formed by Rahman and Arefin.

180. Rahman and Arefin concealed this equity line of credit by originally failing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

181. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>5684 173rd Avenue Southeast, Bellevue, Washington</u>**
**(Count XI – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

182. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

183. Rahman and Arefin purchased 5684 173rd Avenue Southeast, Bellevue, Washington 98006 on November 29, 2007 (the **"173rd Avenue Property"**).

184. On December 14, 2021, after Onemata filed the underlying litigation, Mr. Park formed Lakemont, a Nevada limited liability company, for Arefin and Rahman. Arefin serves as Lakemont's manager. Arefin and Rahman were Lakemont's members.

185. On March 11, 2022, three days before the originally scheduled trial date, Rahman and Arefin executed a quitclaim deed for this property to Lakemont.

186. Lakemont acquired the 173rd Avenue Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

187. Lakemont is a Nevada limited liability company and was formed by Mr. Park for Arefin, its Manager.

188. On March 15, 2022, Rahman and Arefin transferred their membership interests in Lakemont to Bright Stars.

189. When the membership interests of Lakemont were transferred to Bright Stars there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

190. Rahman and Arefin are Bright Stars' grantors.

191. Rahman, Arefin, and Chae are Bright Stars' purported trustees.

192. Arefin remains the Manager of Lakemont.

193. Rahman and Arefin remain Grantors and Trustees of Bright Stars and operate the Trust in the management of the 173rd Avenue Property.

194. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

195. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the 173rd Avenue Property after the transfers. These transfers were made by

Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

196. Rahman and Arefin concealed these transfers by originally refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

197. On October 25, 2022, Lakemont allegedly executed a promissory note for a loan on the 173rd Avenue Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

198. Rahman and Arefin concealed this loan by originally refusing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

199. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their

Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**5684 173rd Avenue Southeast, Bellevue, Washington**
**(Count XII – Fraudulent Transfer – Constructive Fraud**
**Pursuant to Fla. Stat. § 726.105(1)(b))**

200. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

201. On November 29, 2007, Rahman and Arefin purchased the 173rd Avenue Property.

202. On December 14, 2021, after Onemata filed the underlying litigation, Mr. Park formed Lakemont, a Nevada limited liability company, for Arefin and Rahman. Arefin serves as Lakemont's manager. Arefin and Rahman were Lakemont's members.

203. On March 11, 2022, three days before the originally scheduled trial date, Rahman and Arefin executed a quitclaim deed for this property to Lakemont. Lakemont paid no consideration for the transfer.

204. Arefin remains the Manager of Lakemont.

205. On March 15, 2022, Rahman and Arefin transferred their membership interests in Lakemont to Bright Stars. Bright Stars paid no consideration for the transfer.

206. Arefin and Rahman are the Grantors and Trustees of Bright Stars.

207. The transfer of this property by Rahman and Arefin was made with actual intent to hinder, delay, and defraud Onemata.

208. The foregoing transfers were done without Lakemont or Bright Stars providing any consideration for the transfer of the property.

209. Each of these transfers were made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

210. Each of the foregoing transfers were made at a time when Rahman and Arefin were aware of the claims by Onemata and while the lawsuit was pending.

211. Rahman and Arefin concealed these transfers by originally refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

212. On October 25, 2022, Lakemont allegedly executed a promissory note for a loan on the 173rd Avenue Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

213. Rahman and Arefin concealed this loan by originally refusing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

214. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**875 Bella Vista Lane, Burlington, Washington**
**(Count XIII – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

215. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

216. On October 20, 2020, Rahman and Arefin purchased a home located at 875 Bella Vista Lane, Burlington, Washington 98233 (the **"Bella Vista Property"**).

217. On October 18, 2022, Rahman and Arefin allegedly executed a promissory note for a loan on the Bella Vista Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

218. This alleged equity line of credit occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

219. Rahman and Arefin concealed this loan by originally failing to produce any records, and ultimately producing incomplete records, of the loan in response to Onemata's requests for production of documents. The concealment by Rahman and Arefin was done with actual intent to hinder and defraud Onemata from collection of its judgment.

220. In addition, this alleged equity line of credit was made by Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

221. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**<u>875 Bella Vista Lane, Burlington, Washington</u>**
**(Count XIV – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

222. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

223. Rahman and Arefin are the owners of the Bella Vista Property which they purchased on October 20, 2020.

224. On October 18, 2022, Rahman and Arefin allegedly executed a promissory note for a loan on the Bella Vista property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

225. Rahman and Arefin concealed this loan by originally refusing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests

for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

226. In addition, this alleged equity line of credit was made by Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

227. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**230 Southwest Clark Street, Unit C302, Issaquah, Washington**
**(Count XV – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

228. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

229. On April 26, 2021, Rahman and Arefin purchased 230 Southwest Clark Street, Unit C302, Issaquah, Washington 98027 (**"Unit C302 Property"**).

230. On October 27, 2021, while this lawsuit was pending, Rahman executed a quitclaim deed for the Unit C302 Property to Arefin. Arefin paid no consideration for the transfer.

231. On the same day, Arefin executed a quitclaim deed for the Unit C302 Property to BashaBari.

232. BashaBari acquired the Unit C302 Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

233. BashaBari is a Nevada limited liability company and was formed by Arefin, its Manager.

234. On February 25, 2022, just days before the original trial date, Rahman and Arefin transferred their membership interests of BashaBari to the Sunshine Trust.

235. When the membership interests of BashaBari were transferred to the Sunshine Trust there was no consideration paid by the Trust, as Rahman and Arefin each admitted during their Rule 69 examinations.

236. Rahman and Arefin are the Sunshine Trust's grantors.

237. Rahman, Arefin, and Chae are the Sunshine Trust's purported trustees.

238. Arefin remains the Manager of BashaBari.

239. Rahman and Arefin remain Grantors and Trustees of the Sunshine Trust and operate the Trust in the management of the Unit C302 Property.

240. Both of the foregoing transfers occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

241. In addition, these transfers were made without reasonable equivalent value by insiders of the limited liability company and the Trust, and Rahman and Arefin retained possession and control over the Unit C302 Property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

242. Rahman and Arefin concealed these transfers by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in

response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers to hinder and defraud Onemata from collecting its judgment.

243. On October 31, 2022, BashaBari allegedly took out an equity line of credit secured by a mortgage on the Unit C302 Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

244. Rahman and Arefin concealed this loan by originally refusing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

245. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**230 Southwest Clark Street, Unit C302, Issaquah, Washington**
**(Count XVI – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

246. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

247. Rahman and Arefin purchased the Unit C302 Property on April 26, 2021.

248. This purchase was while the underlying litigation was pending.

249. On October 27, 2021, while this lawsuit was pending, Rahman executed a quitclaim deed for the Unit C302 Property to Arefin. Arefin paid no consideration for the transfer.

250. On the same day, Arefin executed a quitclaim deed for the Unit C302 Property to BashaBari. BashaBari paid no consideration for the transfer.

251. As stated above, Arefin is the Manager of BashaBari.

252. On February 25, 2022, just days before the original trial date, Rahman and Arefin transferred their membership interests of BashaBari to the Sunshine Trust. The Sunshine Trust paid no consideration to acquire the membership interests in BashaBari.

253. Rahman and Arefin are the Grantors of the Sunshine Trust.

254. Rahman, Arefin and Chae are the Trustees of the Sunshine Trust.

255. The transfers of this property by Rahman and Arefin were made with actual intent to hinder, delay, and defraud Onemata.

256. These transfers were done without Arefin, BashaBari, or the Sunshine Trust providing consideration for the transfers of the Unit C302 Property.

257. Each of these transfers were made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the property after the transfers. These transfers were made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

258. Each of these transfers were made at a time when Rahman and Arefin were aware of the claims by Onemata while the lawsuit was pending.

259. Rahman and Arefin concealed these transfers by originally refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

260. On October 31, 2022, BashaBari allegedly took out an equity line of credit secured by a mortgage on the Unit C302 Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin.

261. Rahman and Arefin concealed this loan by originally refusing to produce any records, and ultimately produced incomplete records, of the loan in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

262. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**Highline Loop, Cle Elum, Washington**
**(Count XVII – Fraudulent Transfer – Intent to Defraud Pursuant to Fla. Stat. § 726.105(1)(a) and § 726.106)**

263. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

264. On May 28, 2021, Arefin purchased Highline Loop, Cle Elum, Washington 98922 (the **"Highline Loop Property"**).

265. This purchase was while the underlying litigation was pending.

266. On March 11, 2022, immediately before the originally scheduled trial date, Rahman and Arefin executed quitclaim deeds for the Highline Loop Property to the Sunshine Trust.

267. The Sunshine Trust acquired the Highline Loop Property without paying any consideration to Arefin and Rahman, as each stated during their Rule 69 examinations.

268. Rahman and Arefin are the Sunshine Trust's grantors.

269. Rahman, Arefin, and Chae are the Sunshine Trust's purported trustees.

270. The foregoing transfer occurred at a time when Rahman and Arefin knew of the claims by Onemata and they were made with actual intent to hinder, delay, and defraud Onemata.

271. In addition, this transfer was made without reasonable equivalent value by the Trust, and Rahman and Arefin retained possession and control over the Highline Loop Property after the transfer. This transfer was made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified

that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

272. Rahman and Arefin concealed this transfer by originally refusing to produce documents and ultimately produced incomplete documents regarding real estate transfers in response to Onemata's requests for production. The Defendants/Judgment Debtors concealed these transfers to hinder and defraud Onemata from collecting its judgment.

273. On May 4, 2023, the Sunshine Trust allegedly took out an equity line of credit secured by a mortgage on the Highline Loop Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

274. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

**Highline Loop, Cle Elum, Washington**
**(Count XVIII – Fraudulent Transfer – Constructive Fraud Pursuant to Fla. Stat. § 726.105(1)(b))**

275. Plaintiff hereby incorporates the allegations in paragraphs 1 through 47 set forth above as though fully set forth herein.

276. On May 28, 2021, Arefin purchased the Highline Loop Property.

277. On March 11, 2022, immediately before the originally scheduled trial date, Rahman and Arefin executed quitclaim deeds for the Highline Loop Property to the Sunshine Trust.

278. Rahman and Arefin are the Grantors of the Sunshine Trust.

279. Rahman, Arefin and Chae are the Trustees of the Sunshine Trust.

280. The transfer of the Highline Loop Property by Rahman and Arefin was made with actual intent to hinder, delay, and defraud Onemata.

281. The transfer was done without the Sunshine Trust providing consideration for the transfer of the Highline Loop Property.

282. The transfer was made by the same insiders, Judgment Debtors Arefin and Rahman, and Rahman and Arefin retained possession and control of the property after the transfer. This

transfer was made by Rahman and Arefin knowing that they would not have sufficient assets to satisfy their debts and would be insolvent. In her Rule 69 examinations Arefin testified that she was not employed and had no sources of income. Rahman and Arefin testified that the only assets owned by them was their Onemata stock and a house in Burlington, Washington. The bank records produced by Rahman and Arefin indicate they have no cash.

283. The transfer was made at a time when Rahman and Arefin were aware of the claims by Onemata while the lawsuit was pending.

284. Rahman and Arefin concealed this transfer by originally refusing to produce documents, and ultimately produced incomplete documents, regarding real estate transfers in response to Onemata's requests for production of documents. The Defendants/Judgment Debtors concealed these transfers with actual intent to hinder and defraud Onemata from collecting its judgment.

285. On May 4, 2023, the Sunshine Trust via Arefin as Trustee allegedly took out an equity line of credit secured by a mortgage on the Highline Loop Property from HomeLien and issued a Deed of Trust to HomeLien. HomeLien was formed by Rahman and Arefin. The Defendants/Judgment Debtors concealed the loan with actual intent to hinder and defraud Onemata from collecting its judgment.

286. On June 2, 2023 HomeLien assigned the Mortgage to CSB. CSB is a Cook Islands limited liability company. There was no consideration paid by CSB for the assignment. The assignment by Defendants/Judgment Debtors was done with actual intent to hinder and defraud Onemata from collecting its judgment. The Defendants/Judgment Debtors have testified in their

Rule 69 examinations that this assignment was advised by their asset protection attorneys in the Cook Islands as "estate planning."

WHEREFORE, Onemata respectfully demands judgment in its favor and against Defendants and Third-Party Defendants as follows:

a. Avoidance of the transfers to the extent necessary to satisfy Onemata's Final Judgment;

b. An attachment or other provisional remedy against the various properties of the transferees set forth in this Complaint in accordance with applicable law;

c. For an injunction against further disposition by the Judgment Debtors, the transferees, or both, of the various properties set forth in this Complaint;

d. The appointment of a receiver to take charge of the various properties set forth in this Complaint or other property of the transferees;

e. That the HomeLien Mortgage and the Assignment to CSB be set aside;

f. The attorney's fees and costs incurred; and

g. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of May 2026.

**ROBINSON WATERS & O'DORISIO, P.C.**

*<u>/s/ Anthony L. Leffert</u>*
Anthony L. Leffert
Colorado Bar. No. 12375
Samuel G. John
Colorado Bar. No. 55680
1099 18th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 297-2600
Facsimile: (303) 297-2750 (f)
Email: aleffert@rwolaw.com

*Attorneys for Plaintiff/Judgment Creditor*

**MINERLEY FEIN, P.A.**

*/s/ Kenneth L. Minerley*
Kenneth L. Minerley
Florida Bar No. 521840
1200 North Federal Highway, Suite 420
Boca Raton, FL 33432
Telephone: (561) 362-6699
Facsimile: (561) 447-9884
Email: ken@minerleyfein.com
*Attorneys for Plaintiff/Judgment Creditor*

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document via electronic mail on all counsel listed on the below Service List.

*/s/ Kenneth L. Minerley*
Kenneth L. Minerley

**SERVICE LIST**
*Onemata Corp. v. Ashfaq Rahman, et al.*
Case No. 0:20-cv-62002-WPD

**Attorneys for Ashfaq Rahman**
Peter T. Mavrick, Esq.
Jacob M. Resnick, Esq.
Mavrick Law Firm
1620 West Oakland Park Boulevard, Suite 300
Fort Lauderdale, Florida 33311
E-mail: peter@mavricklaw.com
jacob@mavricklaw.com
Copy: jordan@mavricklaw.com
legalassistant@mavricklaw.com
paralegal@mavricklaw.com

**Attorney for Sabira Arefin, Ashfaq Rahman, and The Rahman/Arefin Living Trust**
Harry Winderman, Esq.
2255 Glades Road, Suite 205E
Boca Raton, FL 33431
Email: harry4334@hotmail.com
Copy: lynora.mae@gmail.com
LynoraMae@gmail.com

**Counsel for HomeLien Investments, LLC and CSB Holdings 329, LLC**
Roger C. Decker
Udall Shumway PLC
1138 N. Alma School Rd, Suite 101
Mesa, Arizona, 85201
Email: rcd@udallshumway.com

**Attorneys for MaskGene, LLC, Peacenheaven, LLC, Lakemont Property, LLC, BashaBari, LLC, Sunshine Irrevocable Trust, Paradise Valley Irrevocable Trust, and Bright Stars Irrevocable Trust**

Carlton Fields, P.A.
Alexandra D. Blye
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
Email: ablye@carltonfields.com

Donald R. Kirk
4221 West Boy Scout Boulevard, Suite 1000
Tampa, FL 33067
Email: dkirk@carltonfields.com

Aaron S. Weiss
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136
Email: aweiss@carltonfields.com